**FILED**

APR 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

FRANK ADAMS, 5817 S. Marwood Blvd. Upper Marlboro, Md. 20772 (301) 599-6882
    Plaintiff,

vs.

UNITED STATES CAPITOL POLICE BOARD, 119 D. St. N.E., Washington, D.C. 20510
    Defendant

CASE NUMBER 1:06CV00653

JUDGE: Emmet G. Sullivan

DECK TYPE: Employment Discrimination

DATE STAMP: 04/10/2006

# Complaint

1. The United States Capitol Police Board and its Agents, retaliated against Plaintiff for his objections to the discriminatory and hostile working conditions on the United States Capitol Police Department and for his participation in statutorily protected activities such as Blackmon-Malloy v. Capitol Police Board, Civil Action No. 01-2221 (EGS); Adams v. Capitol Police Board, Civil Action No. 01-04CV00943(EGS); and Adams v. Capitol Police Board, Civil Action 01-05CV00491(EGS), in violation of the Congressional Accountability Act, 2 U.S.C., 1301, 1302 et. seq. (Incorporating Title VII of the Civil Rights Act 42 U.S.C. et. seq.).

## Jurisdiction and Venue

2. This Court has jurisdiction over this Complaint because questions of Federal law are present, 28 U.S.C. 1331. Specifically, this Court has jurisdiction over this case under the Congressional Accountability Act, 2 U.S.C. 1408. All the acts complained of took place within the District of Columbia during the course of the Plaintiff's employment.

3. This Court is the proper venue pursuant to 28 U.S.C. 1391. Defendant, United States Capitol Police Board, which is comprised of by the Sergeant-at-Arms of the United States Senate, Mr. William H. Pickle; the Sergeant-at-Arms of the United States House of Representatives, Mr. Wilson Livingood; and the Architect of the United States Capitol, Mr. Alan M. Hantman, is located in the District of Columbia, where it operates and has jurisdiction.

**Exhaustion of Administrative Remedies**

4. The Plaintiff has exhausted administrative remedies by completing counseling and mediation with the Congressional Office of Compliance as required. Pursuant to 2 U.S.C. 1402, 1403, and 1404 (2), Plaintiff filed this Complaint on April 10, 2006, within 90 days of receipt of his End of Mediation notice from the Congressional Office of Compliance. Plaintiff's Counseling began on December 8th, 2005 and ended on December 12th, 2005. Plaintiff's mediation period began on December 15th, 2005 and ended on January 17th, 2006.

**Parties**

5. Plaintiff is an African American employed by Defendant, the United States Capitol Police Board. Plaintiff is a class agent or member of a proposed class in the Blackmon-Malloy et al. v. United States Capitol Police Board, Civil Action No. 01-2221 (EGS). Plaintiff is also a Pro Se litigant in Adams v. Capitol Police Board, Civil Action No. 01-04CV00943 (EGS) and Adams v. Capitol Police Board, Civil Action 01-01-05CV00491 (EGS). Both Pro Se cases were consolidated into the Blackmon-Malloy case. These cases involve systematic employment

discrimination, hostile working environment and retaliation against African American officers. This present action is related to the before-mention cases.

The Defendant is the United States Capitol Police Board, 119 D. Street, N.E., Washington, DC 20510. Defendant is Plaintiff's employer and is being sued because the Defendant discriminated and retaliated against Plaintiff for his objections to discriminatory and hostile working conditions on the U.S. Capitol Police Department and because of his participation in several employment discrimination law suits against the Defendant.

## Allegations

6. The Defendant committed acts of retaliation and reprisal against Plaintiff because of his objection to discriminatory and hostile working conditions existing on the Capitol Police Department and because of his participation in several discrimination law suits against the Capitol Police board.

## Acts of Retaliation

7. The United States Capitol Police Board has committed and continues to commit acts of retaliation and reprisal against Plaintiff because of his involvement in statutorily protected activities by;

   a. Failing to offer Plaintiff any meaningful management schools, training, or other career enhancing opportunities and failing to offer any opportunities which would assist in developing Plaintiff as a manager, leader, or supervisor.

   b. Discriminating against Plaintiff in a recent promotional process which will result in Plaintiff, yet again, being denied a promotion to the rank of Captain. The U.S. Capitol Police Board's recent promotional process for Captain was pre-textual and was merely disguised as a legitimate, non-discriminatory process.

   In addition to the Promotional Process being discriminatory, it lacked the following;

   1. Validity - the U.S. Capitol Police Board's promotional process for Captain was not job related and did not result in the most qualified candidates being ranked according to their knowledge, skills, experiences, or abilities.

2. Confidentiality - Information related to the promotional process was not kept confidential prior to the test being given. Numerous Officials were given information regarding questions and scenarios related to the test under an unrealistic premise that the information would be kept confidential. Further investigation, interrogatories and depositions will reveal that confidential test information was shared prior to the date that the promotional process was given.

3. Integrity - The U.S. Capitol Police Board sanctioned the U.S. Capitol Police Human Resources (HR) Department to oversee administering of the Captain's promotional process.

The Human Resources Department lacks the integrity, leadership, and competence to administer a fair, valid and impartial promotional process as evidenced by the fact that it:

a. Constantly changed and manipulated the rules relative to the promotional process in order to benefit certain officers and harm others.

b. Changed promotional eligibility requirements relative to time and grade in order to benefit certain officers and harm others.

c. Changed the rules regarding mandatory probationary periods for new promotees in order to benefit certain officers and harm others.

d. Allowed individuals to take the promotional examination after the examination had already been given in order to benefit certain officers and harm others.

e. Disqualified individuals from the promotional process who arrived after the designated time yet allowed other individuals who were also late to continue in the process in order to benefit certain officers and harm others.

f. Recommended that an element of the Captain's promotional process include in-house, peer interviews. This was done in order for the Capitol Police Board to maintain ultimate control over who gets promoted and to benefit certain officers and to harm others.

(Incompetence within the United States Capitol Police Department's Office of Human Resources is further evidenced by the fact that it failed to advise the Chief of Police and the House Sergeant at Arms, that the hiring of <u>their relatives</u> may be a violation of nepotism laws).

Plaintiff was particularly harmed in the interview component of the promotional process when he was given a low, unjustifiable evaluation from a group of fast track, Capitol Police, insiders. The insiders' evaluation dropped Plaintiff to what in all likelihood will be a non-promotable status. The in-house interview component of the promotional process demonstrates that the Capitol Police Board is intent on having a promotional process in which individuals are selected or denied a promotion based on popularity and retaliatory motives rather than qualifications.

Plaintiff's educational qualifications include a Bachelors Degree in Criminal Justice Administration and a Masters Degree in Public Administration (MPA), both of which he earned while attending school, nights and weekends, on his own time, at his own expense. Plaintiff has the educational qualifications not only the rank of Captain, but for the position of Chief of Police as well. Plaintiff will not allow the U.S. Capitol Police Board, the Department of Justice and its cadre of legal experts, to minimize Plaintiff's qualifications and his right to be treated fairly.

The U.S. Capitol Police Human Resources Department, particularly its leadership, can not be trusted to insure a competently administered, fair and impartial promotional

process.  The Pittman McLenagan Group, the vender which assisted the Human Resources Department in administering several egregious promotional processes, is incapable of seeing past the dollar signs and should be terminated for allowing the "experts-without-credentials" within the Capitol Police Human Resources Department to unfairly manipulate promotional processes. An honest vender would never allow its credibility to be compromised in this manner.

In conclusion, the U.S. Capitol Police Board's plan to promote other Afro-American Lieutenants to the rank of Captain does not diminish the fact that Plaintiff was discriminated and retaliated against in the promotional process. This merely reinforces Plaintiff's belief that the Defendant uses intimidation to reward blacks who are tacit on issues of racial discrimination, to include hostile working environment, and punish those who like Plaintiff, speak out against those particular violations of the law. The Defendant's hostile and pervasive treatment of Plaintiff relative to promotional processes dating back to 1994 sends a clear message of intimidation and retaliation not only to Plaintiff but to other African American officers and employees on the Capitol Police Department.

## Prayer for Relief

Wherefore, the Plaintiff respectfully requests that this Court Order the United States Capitol Police Board to:

1. Immediately cease and desist its discrimination, hostilities and retaliation against Plaintiff.

2. Promote Plaintiff to the rank of Inspector, with back Pay.

3. Provide Plaintiff with an opportunity to attend Management schools to include the FBI National Academy.

4. Award Plaintiff compensatory damages in the maximum monetary amount allowable by law and all Plaintiff costs including reasonable attorney and expert witness fees.

5. Direct the Capitol Police Board to terminate the services of The Pittman McLenagan Group, the vender which assisted the Human Resources Department in administering the promotional process and to hire a firm with proven experience in implementing valid, fair, and unbiased promotional processes.

6. Provide such other relief as this court deems just and proper.

7. PLAINTIFF DEMANDS TRIAL BY JURY ON ALL TRIABLE ISSUES.

Dated this day of April 10, 2006

*Frank Adams*
FRANK ADAMS (PRO SE)
5817 SOUTH MARWOOD BLVD.
UPPER MARLBORO, MARYLAND, 20772



*advancing safety, health, and workplace rights in the legislative branch*

# Office of Compliance

Office of the Executive Director

William W. Thompson, II
*Executive Director*

January 18, 2006

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**
Frank Adams
5817 South Marwood Boulevard
Upper Marlboro, MD 20772

**END OF MEDIATION NOTICE**
Re: Frank Adams, Employee
and
Office of the U.S. Capitol Police Board, Employing Office
Case No. **06-CP-18 (CV, RP)**

Dear Mr. Adams:

This is to notify you that the mediation period has ended in the above matter without a resolution of your claims. The counseling period began on December 8, 2005 and was scheduled to end on January 9, 2006. However, the Office approved your request to reduce the counseling period in this matter, effective December 12, 2005. Therefore, the counseling period ended on December 12, 2005. The mediation period began on December 15, 2005 and ended on January 17, 2006.

Your request for mediation was based upon your allegation(s) that the employing office violated sections 201 and 207 of the Congressional Accountability Act ("CAA").

If you wish to proceed further with this matter, you must do so **not later than 90 days, but no sooner than 30 days**, after you receive this end of mediation notice. During that 60-day time frame you may either: (1) file a **formal complaint** with the Office of Compliance in accordance with section 405 of the (CAA); or (2) file a **civil action**, in accordance with section 408 of the CAA, in the United States District Court for the district which you are employed, or in the U.S. District Court for the District of Columbia. <u>You may assert only those claims that you made during counseling and mediation.</u>

If you choose to file a formal complaint with the Office of Compliance it must be legibly written or typed on the enclosed *Complaint* form. The complaint must be signed by you or your designated representative and contain the following information:

    (a)    the complainant's name, mailing address, and telephone number;

    (b)    the involved employing office's name, address, and telephone number;

    (c)    the name(s) and title(s) of the individual(s) involved in the conduct that you claim violated the CAA;

-2-

-2-

(d) a description of the conduct that you challenge, including the date(s) and location(s) of the conduct;

(e) a brief description of why you believe the challenged conduct violated the CAA and your identification of each applicable section of the Act (i.e., Sec. 201 (Employment discrimination), Sec. 202 (Family and Medical Leave), Sect. 203 (Fair Labor Standards), Sec. 204 (Employee Polygraph Protection), Sec. 205 (Worker Adjustment and Retraining), Sec. 206 (Employment and Reemployment of Veterans), and Sec. 207 (Intimidation or Reprisal).

(f) a statement of the relief or remedy sought ;

(g) the name, address, and telephone number of the representative, if any, who will act on your behalf.

If you choose to file a formal complaint with this Office, we will serve a copy of your complaint, and the Office's Procedural Rules, on the named employing office, or its designated representative. The Office's transmittal letter will notify the employing office that it must file an answer to the complaint with this Office within 15 days after service of the complaint. A copy of the service list containing the names and addresses of the parties and their designated representatives will also be forwarded to the employing office.

If you file a formal complaint with this Office, we will appoint an independent Hearing Officer to consider the complaint and render a decision. The Office of Compliance will issue a notice of hearing fixing the date, time and place of the hearing. Absent a postponement granted by this Office, or other dispositive action by the Hearing Officer, the hearing will commence no later than 60 days after the filing of the complaint.

If you choose to file a civil action in U.S. District Court, the Office will not process your case in court and it will be your responsibility to abide by all applicable Federal Rules and procedures applicable to civil actions.

We have enclosed the *Participant Survey Form*, an instrument designed to provide the Office of Compliance with important feedback on participants' experience in the mediation program. If you have not already done so, please complete the survey and return it to the Office by facsimile at (202) 426-1913 or mail it to the Office of Compliance, Adams Building, Room LA 200, 110 Second Street, S.E., Washington, D.C. 20540-1999.

If you have any questions or need any assistance, please contact this Office.

Sincerely,

Teresa M. James
Director of Dispute Resolution

Enclosures:   Facsimile Notice
              Complaint Form
              Participant Survey Form

cc:   Frederick Herrera, Esq. (with Participant Survey Form)
      Joseph Sharnoff, Mediator