IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
FRANK ADAMS,                        )
        Plaintiff,                  )
                                    )
                                    )
    v.                              )
                                    )   Case No. 1:06CV00653(EGS)
U.S. CAPITOL POLICE BOARD,          )
        Defendant.                  )
                                    )
_____ )
```

## ANSWER

Defendant, Capitol Police Board ("Defendant"), by and through counsel, answers and provides affirmative defenses to the allegations in the Complaint of Plaintiff Frank Adams ("Plaintiff") as follows:

1. The allegations in paragraph 1 are legal conclusions requiring no response. To the extent a response is required, the allegations are denied. Defendant denies that Plaintiff has been subjected to retaliation and denies that Plaintiff has been placed in discriminatory or hostile working condition.

## JURISDICTION AND VENUE

2. The allegations in sentences 1 and 2 of paragraph 2 are legal conclusions requiring no response and, to the extent a response is required, the allegations are denied. Defendant is without sufficient information to determine whether jurisdiction is appropriate under Title 2, section 1408 of the Congressional Accountability Act based on principles of exhaustion of administrative remedies. Defendant also lacks sufficient information to admit or deny the final sentence of paragraph 2.

3. The allegation in sentence 1, paragraph 3, is a legal conclusion requiring no response and, to the extent a response is required, Defendant denies that venue is appropriate pursuant to 28 U.S.C. § 1391. Rather, venue is appropriate pursuant to 2 U.S.C. § 1404. In sentence 2, paragraph 3, Defendant denies that Plaintiff has named all of the members of the Capitol Police Board but admits the remainder of the sentence.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. In sentence 1, paragraph 4, Defendant lacks sufficient knowledge or information as to whether Plaintiff completed counseling, as Defendant is not involved in that process. Furthermore, with regard to mediation, Defendant admits that Plaintiff attended mediation but, denies that Plaintiff participated in good faith. Sentence 2, phrase 1, paragraph 4, contains legal conclusions that require no response and, to the extent a response is required, the allegations are denied. In, sentence 2, phrase 2, paragraph 4, upon information and belief, Defendant admits that the subject complaint was filed April 10, 2006 but, lacks sufficient information to admit or deny whether Plaintiff filed the complaint within ninety days of receipt of the End of Mediation Notice from the Office of Compliance. Defendant admits sentences 3 and 4 of paragraph 4.

## PARTIES

5. In sentence 1, paragraph 5, Defendant admits that Plaintiff is African-American. However, Defendant denies that Plaintiff is employed by the Defendant but, admits that the Defendant is the United States Capitol Police Board. Sentence 2, paragraph 5, contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendant is without sufficient information to admit or deny whether Plaintiff is a class agent or member in *Blackmon-Malloy v. United States Capitol Police Bd.*, Civ.

A. No. 01-2221 (D.D.C. 2001) (EGS) and denies that the case is appropriately a class action. Defendant admits sentences 3 and 4 of paragraph 5. The allegations in sentence 5, paragraph 5, are legal conclusions that require no response and, to the extent a response is required, the allegations are denied. Defendant admits sentence 6 and 7 of paragraph 5. In sentence 8, paragraph 5, Defendant denies that it is Plaintiff's employer and denies the remainder of the sentence.

## **ALLEGATIONS**

6. Defendant denies paragraph 6 of the Complaint, in its entirety, as it contains conclusions of law to which no response is required. However, to the extent a response is required, Defendant denies the allegations.

7. The allegations in sentence 1, paragraph 7, contain legal conclusions requiring no response and, to the extent a response is required, the allegations are denied.

    a. In sentence 1, paragraph 7a, Defendant is without sufficient information to know what Plaintiff means by "meaningful management schools, training, or other career enhancing opportunities." Furthermore, Defendant is without sufficient information to know what Plaintiff means by "failing to offer any opportunities which would assist in developing Plaintiff as a manager, leader, or supervisor."

    b. Sentence 1, paragraph 7b, contains a legal conclusion requiring no response and, to the extent a response is required, the allegations are denied. Sentence 2, paragraph 7b, contains a legal conclusion requiring no response and to the extent a response is required, the allegations are denied. Sentence 3, paragraph 7b, contains a legal conclusion requiring no response and, to the extent a response is required, the allegations are denied.

    c. In paragraph 7c, Defendant is without sufficient information to know to what rule the Plaintiff is referring and, to the extent a response is required, the allegations are denied.

    d. In paragraph 7d, Defendant is without sufficient information to know to which promotional process Plaintiff is referring, but, to the extent that Plaintiff is referring to the 2005 Captain's Promotional examination, the allegations are denied.

    e. In paragraph 7e, Defendant is without sufficient information to know to which promotional process Plaintiff is referring, but, to the extent that Plaintiff is referring to the 2005 Captain's Promotional examination, the allegations are denied.

    f. In sentence 1, paragraph 7f, Defendant is without sufficient information to know to which Captain's promotional process Plaintiff is referring, but, to the extent that Plaintiff is referring to the 2005 Captain's Promotional examination, the allegations are denied. Defendant denies sentence 2, paragraph 7f in its entirety. In sentence 3, paragraph 7f, Plaintiff is offering commentary to which no response is required and, to the extent that a response is required, the allegations are denied.

    In sentence 4, paragraph 7f, Defendant is without sufficient information to know what Plaintiff means when he says he was "particularly harmed" or to which "group" he is referring as "Capitol Police insiders" and, to the extent that a response is required, the allegations are denied. In sentence 5, paragraph 7f, Defendant is without sufficient information to know to whom Plaintiff is referring as "insiders" or to what Plaintiff is referring when he says he was dropped to a "non-promotable status." To the extent that a response is required, the allegations are denied. The allegations in sentence 6, paragraph 7f are denied.

Upon information and belief, Defendant admits sentence 7, paragraph 7f. In sentence 8, paragraph 7f, Defendant is without sufficient information to know whether Plaintiff's educational qualifications qualify him for the rank of Captain or Chief of Police but such education requirements are not prerequisites to sworn positions of the U.S. Capitol Police. In sentence 9, paragraph 7f, Plaintiff offers his opinion and inaccurate facts, to which no response is required and, to the extent a response is required, the allegations are denied.

In sentence 10, paragraph 7f, Defendant denies the allegations. In sentence 11, paragraph 7f, Defendant denies the allegations. In sentence 12, paragraph 7f, Plaintiff is offering commentary to which no response is required and, to the extent a response is required, the allegations are denied.

In sentence 13, paragraph 7f, Defendant denies that the Capitol Police Board has a "plan to promote other Afro-Americans to the rank of Captain." Moreover, sentence 13, paragraph 7f contains conclusions of law to which no response is required and, to the extent a response is required, the allegations are denied. In sentence 14, paragraph 7f, Plaintiff offers an opinion to which no response is required and, to the extent a response is required, the allegations are denied. Sentence 15, paragraph 7f, contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled relief as requested in paragraphs 1 through 6 or any relief whatsoever. Defendant denies that there are any triable issues requiring a jury trial.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has failed to satisfy any and all administrative prerequisites.

### Third Affirmative Defense

The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

### Fourth Affirmative Defense

Plaintiff's claims should be dismissed because Defendant's actions were reasonable, non-discriminatory, and lawful.

### Fifth Affirmative Defense

Plaintiff's Complaint is barred in whole or in part because the person or persons to whom Plaintiff compares himself are not similarly situated with the Plaintiff.

### Sixth Affirmative Defense

Defendant reserves the right to assert additional affirmative defenses as they become known to Defendant.

**WHEREFORE**, Defendant requests that:

a. Plaintiff's claims be dismissed;

b. The costs of this action be taxed against Plaintiff;

c. Defendant recovers its expenses, including reasonable attorneys' fees, incurred in defending this action to the extent allowed under applicable law; and

d. Defendant recovers such further relief as the Court deems just and proper.

Respectfully submitted June 15, 2006.

_____
Frederick M. Herrera # 423675
Robin J. Matthew # 430560
Counsel for Defendant
U.S. Capitol Police Board
119 D Street, N.E., Suite 510
Washington, DC 20510

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**, that on this 16th day of June, 2006 a copy of the foregoing Answer and Defendant's Response to Notice of Related Case was mailed, postage pre-paid to Frank Adams, 5817 S. Marwood Blvd, Upper Marlboro, MD 20772, Plaintiff *pro se*.

_____
Robin J. Matthew # 430560
Counsel for Defendant
Capitol Police Board
119 D Street, N.E.
Washington, DC 20510
(202) 593-3336