IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON BLACKMON-MALLOY, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 01-02221 (EGS) ) |
| UNITED STATES CAPITOL POLICE BOARD | ) ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE**

One need only read Defendant's previously submitted Motion to Dismiss and the opposition thereto to recognize that Plaintiffs' alleged Memorandum of Law is nothing more than a pleading that reargues legal positions previously rejected by this Court. Plaintiffs offer no explanation why they *sua sponte* filed a "Memorandum of Law" not authorized by this Court, failed to seek leave of Court to do so, and failed to consult with Defendant as is required under local rule LCvR7(m). Simply put, Plaintiffs' attempt to disguise their unauthorized pleading by calling it a Memorandum of Law should not be permitted and the document should be stricken from the Court's docket.

**I.    No more than eight Plaintiffs participated in the original mediation and there is no need to clarify the District Court's 2004 Ruling other than to determine exhaustion principles.**

Plaintiffs' rationale for seeking clarification of this Court's 2004 ruling is to simply re-litigate a legal position already decided by this Court. Plaintiffs imply– without any support– that there are Plaintiffs who were prepared to mediate in good faith but were not scheduled for a

personal mediation session. Plaintiffs offer no evidentiary support for this bald assertion and point to no document that they have to support this assertion.

In fact, previously submitted documents and declaration in Defendant's Motion to Dismiss, not contested by Plaintiffs, demonstrate that at most eight individuals actually attended mediation sessions and three other individuals had scheduled mediation but did not attend. See Dkt. #64 and Declarations K,K-8 and L. [1] Moreover, Plaintiffs are simply untimely in now asserting the self-serving statement that some Plaintiffs were prepared to mediate in good faith but were not scheduled for mediation. What Plaintiffs do not acknowledge is that, as amply demonstrated in Defendant's Motion(s) to Dismiss, Plaintiffs, not Defendant, determined that they would not extend the mediation period and would not participate in the mediations. See Exhibits B and D (attached to Defendant's Memorandum in Support of Motion to Dismiss) (July 26, 2001 Letter from Blackmon-Malloy to Charles Ware instructing him to stop mediation and file in federal court and August 1, 2001 Letter from Jean Manning to Thompson offering to extend mediation time and/or to conduct simultaneous mediations). No other "response on the merits" is necessary to plaintiffs' request for clarification of this Court's ruling on mediation.

**II.      Plaintiffs' Memorandum of Law violated the Court's Order and was not requested by Magistrate Judge Facciola.**

The only explanation offered by Plaintiffs for submitting its unsolicited Memorandum of Law is to supplement its joint response and comment on Chart B. They assert that the Memorandum of Law is not a sur-reply to a prior filing by Defendant. First, filing a

---

[1] In footnote 1 of Plaintiffs' Memorandum of Law, Plaintiffs identify twelve individuals who exhausted their administrative remedies in the original action (01-2221). Rather than debate the merits of that argument, we refer the Court to the charts that were submitted jointly by the parties recently.

Memorandum of Law by one side does not constitute a "joint" response as requested by Magistrate Judge Facciola. Second, the Court never requested that a Memorandum of Law be submitted. See March 31, 2006 Order at 2 (Dkt., #127). Rather, the Court issued an order requiring the parties to work together and complete two charts summarizing the claims and exhaustion of remedies information. This was accomplished by Defendant with both of Plaintiffs' co-counsel. No other pleading was requested.[2]

Third, to assert that the submitted document is a "Memorandum of Law" and not a "pleading" is disingenuous. Simply calling a document a "Memorandum of Law" does not make it so, particularly where it does not provide this Court with any guidance on the law nor any principle under the Congressional Accountability Act, the enabling statute under review. The filed pleading rehashes Plaintiffs' previously raised arguments and identifies issues not previously raised and very untimely now. Though Plaintiffs stretch to get the document accepted by calling it a Memorandum of Law, the document remains an unauthorized filing. The document was not requested by this Court, is inconsistent with Judge Sullivan's previous order, was not permitted by leave of Court or consent of counsel and should be stricken from the docket.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

---

[2] Plaintiffs have also moved for an evidentiary hearing but the Court has been supplied both charts as ordered and defendant does not see the need for an evidentiary hearing.

>          /s/
> LAURIE WEINSTEIN, D.C. BAR #389511
> Assistant United States Attorney
> Tenth Floor
> 555 4th Street, NW
> Washington, D.C. 20001
> (202) 514-7133
>
> GLORIA J. LETT, D.C. BAR #295365
> Office of House Employment Counsel
> 1036 Longworth House Office Building
> Washington, D.C. 20515
> (202) 225-7075
>
> FREDERICK M. HERRERA, D.C. BAR #423675
> United States Capitol Police
> 119 D Street, NE, Room 510
> Washington, D.C. 20510
> (202) 224-9763

Dated: July 10, 2006.