**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **SHARON BLACKMON-MALLOY,** | ) |
| **et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civ. No. 01-02221 (EGS)** |
| | ) |
| **UNITED STATES CAPITOL** | ) |
| **POLICE BOARD** | ) |
| | ) |
| **Defendant.** | ) |

_____)

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' SECOND MOTION FOR AN
EVIDENTIARY HEARING OR FOR LEAVE TO SUBMIT AFFIDAVITS**

Because Plaintiffs seek to directly violate District Court Judge Sullivan's June 14, 2005

Minute Order, Defendant United States Capitol Police Board respectfully requests that the Court

deny Plaintiffs' motions for evidentiary hearings or affidavit submissions.  On June 2, 2006,

Plaintiffs filed their first evidentiary motion as well as an unauthorized Memorandum of Law.

Dkts #134, 135.  Defendant objected to both filings and herein incorporates its opposition and

reply to those filings in this memorandum in opposition to the second evidentiary motion.  Dkt. #

139, 145.  On February 28, 2007, Plaintiffs, through Class Co-Counsel Gebhardt & Associates,

LLP, filed Plaintiffs' Second Motion for an Evidentiary Hearing or Motion for Leave to Submit

Affidavits for the Record ("Second Evidentiary Motion").  Dkt. 148.

## BRIEF PROCEDURAL HISTORY

On December 22, 2003, Defendant filed a Motion to Dismiss Joint Second Amended Class Action Complaint. Dkt. #64. On February 5, 2004, Plaintiffs filed an opposition to the Motion to Dismiss. Dkt. #67. On February 26, 2004, Defendant filed its Reply Memorandum in support of its Motion to Dismiss. Dkt. #75. On April 28, 2004, with leave of Court, Plaintiffs filed a Sur-Reply. Dkt. # 84.

On September 30, 2004, the Court issued a Memorandum Opinion. *See Blackmon-Malloy v. United States Capitol Police Bd.*, 338 F. Supp. 2d 97 (D.D.C. 2004) (Sullivan, J.) (Dkt. #92). With regard to counseling, the Court dismissed the claims of any individual who had not sought counseling within 180 days of an alleged discriminatory act. *Id.* at 109. Accordingly, the Court required Plaintiffs in their Motion for Reconsideration to identify, *inter alia*, "the date a mediation session was attended" by each Plaintiff. *Id.* at 113.

On January 14, 2005, Plaintiffs filed a Motion for Reconsideration of the Court's September 30, 2004 Memorandum Opinion. Dkt. #96. The motion contained a 23-page Memorandum and 84 exhibits. On March 22, 2005, Defendant filed its Opposition to the Motion for Reconsideration, which included a 50-page Memorandum and 7 exhibits. Dkt. #98. On May 31, 2005, Plaintiffs represented by Co-Class Counsel Gebhardt & Associates filed a 49-page Reply Memorandum, with one exhibit attached. Dkt. #102. On June 14, 2005, Plaintiffs represented by Co-Class Counsel Nathaniel Johnson & Associates filed a 17-page Reply Memorandum. Dkt. # 105.

On June 14, 2005, the Court permitted Defendant to file a Sur-Reply to the Plaintiffs' Reply Memoranda. In its June 14, 2005 Minute Order, the Court that "**[t]here shall be no**

**further pleadings permitted in this matter**." June 14, 2005 Minute Order. On July 28, 2005, Defendant filed a 25-page Sur-Reply. Dkt. # 110.

By Minute Order dated August 4, 2005, District Court Judge Sullivan denied Plaintiffs' Motion for Reconsideration "without prejudice to a referral to U.S. Magistrate Judge Facciola pursuant to LcvR 72(b) for a Report and Recommendation on the issue of whether any class members are entitled to relief from this Court's Memorandum Opinion and Order issued on September 30, 2004.

On March 31, 2006, Magistrate Judge Facciola issued an order requiring the parties to work together to complete two charts summarizing the claims and pertinent exhaustion information for each plaintiff. *See* Mar. 31, 2006 Order at 2 (Dkt. #127). On June 2, 2006, Co-Class Counsel Gebhardt & Associates and Defendant jointly filed a Response to the Court's March 31, 2006 Order and the required two charts. Dkt. #133. On the same day, the Court granted Co-Class Counsel Nathaniel D. Johnson & Associates' motion for an extension until June 16, 2006 to file the two charts for its Plaintiffs. *See* June 2, 2006 Paperless Order.

## ARGUMENT

### A.    Hearings or Affidavit Submissions Would Violate District Court Judge Sullivan's June 14, 2005 Minute Order Regarding Further Pleadings On The Motion For Reconsideration

On June 14, 2005, in granting Defendant leave to file a Sur-Reply to the Motion for Reconsideration, District Court Judge Sullivan clearly stated that "*[t]here shall be no further pleadings permitted in this matter*." June 14, 2005 Minute Order (emphasis added). In short, Plaintiffs' request for evidentiary hearings or affidavit submission is an attempt to directly violate District Court Judge Sullivan's June 14, 2005 Order. Accordingly, Plaintiffs' motions

should be denied.

**B.    Magistrate Judge Facciola Did Not Ask For Further Submissions Or Hearings**

In his March 31, 2006 Order, Judge Facciola requested that the parties "work together to complete" two charts provided by the Court. The Order was "[i]n facilitation of Judge Sullivan's [August 4, 2004] Order instructing the parties to file a chart providing, for each plaintiff, their exact cause of action and pertinent information regarding their exhaustion of remedies." Mar. 31, 2006 Order at 2. There is nothing in the Court's March 31, 2006 Order that can be fairly and reasonably construed as an invitation for further briefing, evidentiary hearings, or affidavit submissions.

**C.    Because Plaintiffs Request To Add Evidence That Could Have Been Raised Either In Response to Defendant's Motion To Dismiss Or In Their Motion For Reconsideration, The Court Should Deny Plaintiffs' Motions**

Motions for Reconsideration "should be granted only if the Court 'finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pearson v. Thompson*, 141 F. Supp. 2d 105, 107 (D.D.C. 2001) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Plaintiffs "must show 'new facts or clear errors of law which compel the court to change its prior position.'" *Id.* at 107 (quoting *National Ctr. for Mfg. Sciences v. Department of Defense*, 199 F.3d 507, 511 (D.C. Cir. 2000)). "[N]or is it a vehicle for presenting theories or arguments that could have been advanced earlier." *Rann v. Chao*, 209 F. Supp. 2d 75, 78 (D.D.C. 2002); *see also Taylor v. United States Dep't of Justice*, 268 F. Supp. 2d 34, 35 (D.D.C. 2003). Thus, any "new evidence" must be "newly discovered evidence" not previously available to plaintiffs. *Fielding v. BT Alex Brown*, 116 F. Supp. 2d 59, 65 & n.2 (D.D.C. 2000); *see also Rann*, 209 F.

4

Supp. 2d at 83; *Ge v. Peng*, 209 F.R.D. 250, 251 (D.D.C. 2000); *Consolidated Edison Co. of N.Y. v. O'Leary*, 184 F.R.D. 1, 2 (D.D.C. 1998).

      Here, there is no new evidence not previously available to the Plaintiffs.  Plaintiffs had ample opportunity to present affidavits in their Opposition or Sur-Reply to Defendant's Motion to Dismiss, or even in Plaintiffs' Motion for Reconsideration or Reply thereto.  In fact, in their 2005 Motion for Reconsideration, 82 Plaintiffs filed declarations describing the alleged incidents of racial discrimination that form the basis of their claims.  Dkt. #96.  Under these circumstances, the Court should deny Plaintiffs' 2007 request for evidentiary hearings or affidavit submissions.

## CONCLUSION

For the reasons stated herein, Defendant respectfully requests that the Court deny

Plaintiffs' motions for evidentiary hearing or affidavit submissions.


Dated: March 7, 2007                    Respectfully submitted,


                                        _____/s/_____
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney


                                        _____/s/_____
                                        RUDOLPH CONTRERAS, D.C. BAR #434122
                                        Assistant United States Attorney


                                        _____/s/_____
                                        ANDREA MCBARNETTE, D.C. BAR #483789
                                        Assistant United States Attorney
                                        555 4th Street, NW
                                        Washington, D.C. 20001
                                        (202) 514-7153


OF COUNSEL
FREDERICK M. HERRERA, D.C. BAR #423675
Capitol Police
119 D Street, NE, Room 510
Washington, D.C. 20510
(202) 224-9763