**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
_____

|  |  |  |
|---|---|---|
| **SHARON BLACKMON-MALLOY,** *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 01-2221 |
| | ) | (EGS/JMF) |
| **UNITED STATES CAPITOL POLICE** | ) | |
| **BOARD,** | ) | |
| | ) | |
| Defendant. | ) | |

_____)

**REPORT AND RECOMMENDATION**

This case was referred to me by Judge Sullivan for a Report and Recommendation
on whether any class members are entitled to relief from his September 30, 2004
Memorandum Opinion and Order granting defendant's motion to dismiss without
prejudice to reconsideration of claims that conform to the timely counseling and
mediation requirements of the Congressional Accountability Act ("CAA").  Briefing
followed on Plaintiffs' Motion for Reconsideration, which Judge Sullivan denied without
prejudice in a minute order on August 4, 2005.  He also referred the matter to me for this
Report.  A status conference was then held on March 16, 2006, to resolve various issues
of organization and to establish a procedure and timeline for submission of evidence
supporting the claims that individual Plaintiffs are entitled to relief under Judge
Sullivan's Order.  Parties were instructed to work together to complete two charts
provided by this Court, <u>Chart A</u> and <u>Chart B</u>, in facilitation of Judge Sullivan's Minute
Order of August 4, 2005, and detail, for each Plaintiff and each claim, the exact cause of
action and pertinent information regarding their exhaustion of administrative remedies.

The Court has received and reviewed the charts and now finds that the majority of the claims must be dismissed for failure to exhaust administrative remedies or failure to provide required support, while a small group of claims satisfies the requirements set forth in Judge Sullivan's orders.

Also before me are Plaintiffs' <u>Motion for an Evidentiary Hearing</u> [#134]; Plaintiffs' <u>Fourth Motion to Withdraw as Counsel</u> [#135]; Defendant's <u>Motion to Strike</u> [#139]; Defendant's <u>Motion to Temporarily Re-Instate Co-Counsel Agreement</u> [#146]; and <u>Plaintiffs' Second Motion for an Evidentiary Hearing or Motion for Leave to Submit Affidavits for the Record</u> [#148].  In a separate Order to accompany this Report and Recommendation, both motions for a hearing will be denied, as will the request to submit additional affidavits for the record; the motions to withdraw, to strike, and to re-instate the co-counsel agreement will be granted.

# I.     BACKGROUND

Plaintiffs Sharon Blackmon-Malloy, Dale Veal, Vernier Riggs, Luther Peterson, Duvall Phelps, Larry Ikard, and Frank Adams filed a class complaint in this action, Civil Action 01-2221, under the CAA,[1] on behalf of themselves and all current or retired African-American United States Capitol Police Officers, alleging that the United States Capitol Police Board ("USCP") engaged in a pattern and practice of race discrimination against its African-American officers.  Plaintiffs, all African American, seek compensatory damages and injunctive relief on behalf of all African-American officers of the United States Capitol Police force employed at any time between November 4, 1998,

---

[1] As Judge Sullivan indicates in his Order of September 30, 2004, Plaintiffs' Complaint was also filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Because these laws were not applicable to legislative branch employees prior to the CAA, the Court will construe these statutes as incorporated by the CAA.  See 42 U.S.C. § 1301 et seq.

and the present.

Count I of the <u>Joint Second Amended Complaint</u> alleges disparate treatment based on race (a) in personnel decisions, such as promotions, other selections, work assignments, discipline, and termination; (b) by creation of a hostile work environment; and (c) through harassment and retaliation against African-American officers who oppose discrimination. Count II alleges the USCP has maintained a system of promotions, other selections, work assignments, discipline, and termination that has had a disparate impact on African-American employees. Count III alleges that Plaintiffs Mary Jane Rhone, a civilian USCP employee, and Thomas Spavone, a Hispanic officer, have been subjected to a hostile work environment based on their known associations with African-American officers.

Consolidated with this action are the following cases: <u>Blackmon-Malloy v. United States Capitol Police Board</u>, Civil Action 02-1859; <u>Fields v. United States Capitol Police Board</u>, Civil Action 02-1346; <u>Ross v. United States Capitol Police Board</u>, Civil Action 02-2481; <u>Fields v. United States Capitol Police Board</u>, Civil Action 03-1505; <u>Macon v. United States Capitol Police Board</u>, Civil Action 03-1592; <u>Bolden-Whitaker v. United States Capitol Police Board</u>, Civil Action 03-2644; <u>Young v. United States Capitol Police Board</u>, Civil Action 04-320; <u>Adams v. United States Capitol Police Board</u>, Civil Action 04-943; <u>Adams v. United States Capitol Police Board</u>, Civil Action 05-491; and <u>Adams v. United States Capitol Police Board</u>, Civil Action 06-653.

## II.    LEGAL STANDARD UNDER THE CAA

The CAA provides the exclusive procedure for current or former legislative branch employees to file suit alleging employment discrimination. <u>See</u> 42 U.S.C. §

2000e-16(a).[2]  As described in Judge Sullivan's Order, prior to filing suit, the CAA requires the exhaustion of certain administrative remedies, including (a) a request for counseling within 180 days of the alleged violation of law, pursuant to section 402; (b) attendance at a counseling session in person; (c) a request for mediation within 15 days of receiving notice of the end of the counseling period, pursuant to section 403; and (d) attendance at a mediation session in person. 2 U.S.C. §§ 1402, 1403(a).  A district court has jurisdiction over any action commenced under the CAA only upon completion of counseling and mediation. 2 U.S.C. § 1408(a).

Unlike Title VII, the CAA specifically limits jurisdiction to cases where a plaintiff has timely exhausted administrative remedies. Blackmon-Malloy v. United States Capitol Police Bd., 338 F. Supp. 2d 97, 103 (D.D.C. 2004) (Sullivan, J.). Similarly, only when a plaintiff timely complies with the counseling and mediation requirements of the CAA does the United States, as sovereign, waive immunity and subject itself to suit. See id.  Plaintiffs bear the burden of persuasion to establish subject matter jurisdiction in response to a Rule 12(b)(1) Motion to Dismiss. See Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000).  Bare allegations of exhaustion are not enough to establish subject matter jurisdiction in the face of a challenge. Blackmon-Malloy, 338 F. Supp. 2d at 107.

In a class action, vicarious exhaustion of required administrative remedies is barred by the plain meaning of the CAA. Id. at 105.  Section 1361(e) of the CAA states that "[o]nly a covered employee who has undertaken and completed the procedures described in sections 1402 [counseling] and 1403 [mediation] of this title may be granted a remedy under part A of this subchapter." 2 U.S.C. § 1361(e).  For a court to allow

---

[2] All citations to the United States Code are to the electronic versions available in Westlaw and Lexis.

vicarious exhaustion would effectively render section 1361(e) of the CAA null and void by asserting jurisdiction over claims of individuals who failed to request or attend counseling and mediation. <u>Blackmon-Malloy</u>, 338 F. Supp. 2d at 105. Furthermore, nothing in the explicit language of the CAA "permits one person to fulfill the requirement of others." <u>Id.</u> at 107. Attendance at counseling and mediation is required by the employee in person; "mediation is a process that requires, at the very least, meetings involving the parties and a neutral. It also requires an employee's presence." <u>Id.</u> at 109.[3]

## III.    JUDGE SULLIVAN'S ORDER

In his Order of September 30, 2004, dismissing Plaintiffs' complaints without prejudice to reconsideration of those Plaintiffs' claims that conform to counseling and mediation requirements, Judge Sullivan ordered Plaintiffs, when moving for reconsideration in the lead action, to "clearly state (and provide appropriate documentation for) the allegedly discriminatory act, the date the act occurred, the date counseling was requested, the date the claimant attended counseling, the date mediation was requested, and the date a mediation session was attended." <u>Blackmon-Malloy</u>, 338 F. Supp. 2d at 113. Furthermore, the Court indicated that it would not consider claims that do not appear in the Complaint. <u>Id.</u>

As to the above-mentioned consolidated cases, Judge Sullivan also ordered Plaintiffs in those actions to explain how the claims met the exhaustion requirements identified in his Order. <u>Id.</u> In doing so, each Plaintiff was to "detail the allegedly

---

[3] In their Memorandum filed on June 2, 2006 [#135], Plaintiffs urge me to reconsider Judge Sullivan's determination that vicarious exhaustion of administrative remedies through an attorney is inadequate to establish jurisdiction, and to "reconsider applying <u>Foster v. Gueory</u> [] for the proposition that the mediation requirement may be satisfied by one Plaintiff on behalf of all Plaintiffs." <u>Plaintiffs' Memorandum of Law on Representation by Counsel in Mediation</u> at 3 n.2. I have no authority to do so and will order the Memorandum stricken from the record.

discriminatory act, the date the act occurred, the date counseling was requested, the date the claimant attended counseling, the date mediation was requested, and the date a mediation session was attended." Id.  To facilitate compliance with Judge Sullivan's Order, at the status conference of March 16, 2006, this Court provided sample charts, designated Chart A and Chart B, for parties to create a "side-by-side chart stating with clarity and precision for each plaintiff the exact cause of action that a plaintiff has, the precise factual and legal predicates for each claim, whether administrative proceedings were commenced and concluded for that plaintiff, and, if so, the detailed nature of those proceedings and defendant's precise defenses to the plaintiff's claims."  Minute Order, August 4, 2005.

In response to Judge Sullivan's orders and following submission by Plaintiffs of charts detailing their claims, this Court painstakingly examined each claim by each Plaintiff to determine whether that Plaintiff satisfied the administrative requirements, according to the CAA, for that specific claim.  The extensive amount of research the Court had to perform to verify the assertions made by counsel should not have been necessary.  Implicit in Judge Sullivan's Order was the presumption that the charts submitted by counsel were to be an accurate summary of what the pleadings contained. Unfortunately, in several instances, the representations in counsel's charts were contradicted by Plaintiffs' sworn declarations.  Additionally, in several other instances, counsel's charts made representations of facts as to which Plaintiffs' declarations were silent.  Thus, the charts were nothing more than a place to start.

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

As stated previously, to sustain a claim under the CAA, a plaintiff must show the

following: (1) a request for counseling within 180 days of the alleged violation; (2) attendance at counseling, in person; (3) request for mediation within 15 days of the close of counseling; and (4) attendance at mediation, in person.

According to the charts submitted by counsel, only fourteen Plaintiffs in these consolidated actions exhausted the administrative requirements for either all or some of their claims. Those claims are collected in Appendix A. The remaining claims for which counsel's charts show a failure to exhaust administrative remedies are collected in Appendix B and are recommended for dismissal with prejudice.

Unfortunately the analysis cannot simply end here. The claims in Appendix A must be divided further because counsel's representations in the charts submitted to the Court are at times inaccurate and unsupported by the accompanying documentation. Where a Plaintiff's sworn statement does not confirm the assertions made by counsel, a separate appendix, Appendix C, lists those claims from Appendix A that should be dismissed *without* prejudice for failing to exhaust administrative remedies, at least until those Plaintiffs can supplement their declarations with that necessary support. Appendix D lists those claims from Appendix A that counsel identified as being exhausted and where exhaustion is supported by the corresponding Plaintiff's declaration. In short, the only presently viable claims are those listed in Appendix D.

Note that the analysis that follows is based solely on information contained in the complaints, the charts submitted by counsel, and Plaintiffs' declarations. The Court recognizes, however, that, in several instances, the government points to other evidence in support of its argument that Plaintiffs' representations are not correct. Thus, there may be a factual dispute between the parties, the resolution of which may be left until after the

Court has determined which claims survive.  Upon final determination of surviving

claims, the Court can decide how to resolve the factual matters for purposes of

jurisdiction, including whether the presentation of additional evidence or a hearing may

be necessary.

I now address each Plaintiff from Appendix A who appears to satisfy the

administrative requirements for at least one claim according to the charts submitted by

counsel.

**1.    <u>Frank Adams</u>**

Frank Adams has continuously served on the United States Capitol Police force

since 1991 and is currently a Lieutenant assigned to the Senate Chamber section.

<u>Plaintiffs' Motion for Reconsideration of the Court's September 30, 2004 Memorandum</u>

<u>Opinion and Order</u> ("Mot. for Recon."), Ex. 75, Declaration of Plaintiff Frank Adams

("F. Adams Decl."), at 1.  He is a plaintiff in the lead case and a pro se plaintiff in three

consolidated cases, Civil Actions 04-943, 05-491, and 06-653.  Lieutenant Adams

alleges, *inter alia*, discriminatory practices in the ranking procedures that affected his

participation in the promotional examination process, undermining behavior by his white

supervisors when attempting to discipline his subordinates, frivolous internal affairs

investigations, retaliation, a hostile work environment, and reduced responsibilities due to

this and other discriminatory behavior. <u>See</u> Joint Second Amended Class Action Compl.

("Second Amend. Compl.") ¶ 28; <u>Adams v. United States Capitol Police Bd.</u>, Civ. No.

04-943, Compl. ¶ 1; <u>Adams v. United States Capitol Police Bd.</u>, Civ. No. 05-491, Compl.

¶ 1; <u>Adams v. United States Capitol Police Bd.</u>, Civ. No. 06-653 Compl. ¶ 6.  In total, he

alleges 57[4] incidents spanning the time period from November 30, 1994, to July 1, 2004. See Notice of Filing, Exhibit, "Chart B," 6/20/2006, docket #141 (hereinafter "Johnson Chart B"), at 1-6, 8-10.

According to counsel's chart, Lieutenant Adams exhausted the administrative requirements under the CAA for 33 of the alleged incidents, where he is represented by counsel for 17 of those claims, relating to incidents between November 2000 and March 2001 brought under the lead case (the "represented claims"), and where 16 are designated pro se, relating to incidents in 2003 and 2004 (the "pro se claims"). Those 33 claims are listed in Appendix A. The Court recommends dismissal of the other 24 claims for failure to exhaust administrative remedies and includes them in Appendix B.

Though the chart provided by counsel indicates that the administrative requirements for those claims listed in Appendix A were exhausted, nothing before the Court clearly verifies Lieutenant Adams's personal participation in mediation other than the Plaintiffs' Motion for Reconsideration, which asserts that Lieutenant Adams attended mediation in person. Plaintiffs' Motion for Reconsideration of the Court's September 30, 2004 Memorandum Opinion and Order ("Mot. for Recon.") at ¶ 13. Though Lieutenant Adams's name does appear on the sign-in sheet for counseling attendance on April 28, 2001, see Mot. for Recon., Ex. 5, his sworn declaration is silent as to his personal attendance at counseling and mediation relating to the represented claims, see F. Adams Decl. at 1. Nonetheless, the Defendant concedes jurisdiction as to Lieutenant Adams's claims for hostile work environment and adverse actions filed in the lead case. Memorandum in Opposition to Plaintiffs' Motion for Reconsideration of the Court's

---

[4] Though counsel Gebhardt's chart submitted to the Court also lists three incidents for Frank Adams, no additional information is provided as to those claims, and they appear to be duplicated in Johnson Chart B. Therefore the Court has disregarded the three claims included in Gebhardt's chart.

September 30, 2004 Memorandum Opinion and Order ("Opp.") at 3, 49. The Court therefore recommends proceeding with those claims from the lead case and includes them in Appendix D.

In Civil Action 04-943, Lieutenant Adams asserts exhaustion of administrative remedies by including dates for the counseling and mediation periods. He fails, however, to confirm his personal attendance at either. Adams, Civ. No. 04-943, Compl. ¶ 4. The same is true with Lieutenant Adams's other two pro se complaints. See Adams, Civ. No. 05-491, Compl. ¶ 4; Adams, Civ. No. 06-653, Compl. ¶ 4. Though counsel submits dates for administrative exhaustion of many of Lieutenant Adams's pro se claims, Lieutenant Adams's sworn statement and Plaintiffs' Motion for Reconsideration are silent as to his actual compliance with the exhaustion requirements. Without supporting documentation, Lieutenant Adams presents only bare allegations of compliance with administrative requirements, which Judge Sullivan found inadequate for a claim to proceed. Blackmon-Malloy, 338 F. Supp. 2d at 107. The Court therefore recommends dismissal of these claims without prejudice until such evidence is provided and includes them in Appendix C.[5]

## 2.    **Shafton Adams**

Shafton Adams, a pro se plaintiff in the lead case, has served on the United States Capitol Police force in various capacities since July 16, 1984, and currently serves as a Special Agent assigned to the Security Services Bureau, Physical Security Division. Mot. for Recon., Ex. 12, Declaration of Plaintiff Shafton Adams ("S. Adams Decl.") ¶ 2. He alleges a hostile work environment for events that took place between 1997 and 2000. S.

---

[5] It is unclear to which complaint each pro se claim in counsel's chart relates, and as such the Court can make no distinctions in its appendices.

Adams Decl. ¶ 4.

According to counsel, Special Agent Adams has completed the administrative requirements for his claim, and so it is included in Appendix A. See Plaintiffs' Notice of Filing, Attachment 1, "Resorted Chart B," 6/09/2006, docket #137 (hereinafter "Gebhardt Chart B"), at 1. His sworn declaration supports the claim of exhaustion made by counsel.[6] S. Adams Decl. ¶¶ 7-8, 11. The Defendant argues that the Court lacks jurisdiction due to factual disputes regarding the timeliness of Special Agent Adams's non-selection claim, the facts to which Special Agent Adams attests in his declaration, and his credibility. Opp. at 21-22. No dispute is raised regarding Special Agent Adams's attendance at counseling and mediation. Indeed, the Defendant acknowledges Special Agent Adams complied with the counseling and mediation requirements. Opp. at 2. The factual disputes raised by the government are not dispositive of Special Agent Adams's claims for the purposes of this Report and Recommendation because the only issue now before the Court is whether he has documented his claim of exhaustion.

None of the details regarding Special Agent Adams's claim appear in the Complaint. His only presence in the Complaint is as a class member with a "provable claim[] of discrimination with respect to matters alleged in this Complaint." Second Amend. Compl. ¶ 46. Furthermore, counsel failed to include Special Agent Adams in the chart ordered by this Court to provide details surrounding each plaintiff's cause of action and linking each claim to a specific paragraph in the appropriate complaint. See Order, 3/31/2006, Exhibit A, "Chart A" (hereinafter "Court Chart A"); Response to Order of the

---

[6] It should be noted, however, that counsel's chart differs from the declaration of Special Agent Adams included with Plaintiff's Motion for Reconsideration. According to Gebhardt Chart B, Special Agent Adams received his end of counseling notification on May 30, 2006. See Gebhardt Chart B at 1. In his declaration, Special Agent Adams states his counseling ended on May 16, 2006. Despite the discrepancy, either date satisfies the administrative requirements for present purposes.

Court, 06/02/2006, Attachment 1, "Chart A." (hereinafter "Counsel Chart A").[7]  The

details of his claim do appear in Plaintiffs' Motion for Reconsideration and sworn

statement. Mot. for Recon. ¶ 12; S. Adams Decl. ¶ 4.  Therefore, with his apparent

exhaustion of administrative remedies, the hostile work environment claim survives this

stage and is included in Appendix D.

### 3.      <u>Sharon Blackmon-Malloy</u>

Sharon Blackmon-Malloy has been on the United States Capitol Police force

since October 12, 1982, and currently serves as a Sergeant assigned to the Training

Division. Mot. for Recon., Ex.14,  Declaration of Sharon Blackmon-Malloy ("Blackmon-

Malloy Decl."), Attachment A, ¶ 2.  She is a plaintiff in three suits, including the lead

case and consolidated Civil Actions 02-1859 and 04-320.  She alleges, *inter alia*,

discriminatory non-promotion, a hostile work environment, disparate treatment, and

retaliation. <u>See</u> Second Amend. Compl. ¶ 22; <u>Blackmon-Malloy v. United States Capitol</u>

<u>Police Bd.</u>, Civ. No. 02-1859, Compl. ¶ 1; <u>Young v. United States Capitol Police Bd.</u>,

Civ. No. 04-320, Compl. ¶¶ 28, 36.  The Defendant concedes jurisdiction as to the hostile

work environment and non-promotion claims filed in the lead case. <u>See</u> Opp. at 24, 49-

50.

According to counsel, Sergeant Blackmon-Malloy exhausted administrative

remedies for all four claims relating to the three different actions, which appear in

Appendix A.[8] <u>See</u> Gebhardt Chart B at 2.[9]  As Sergeant Blackmon-Malloy supports all of

---

[7] Indeed, counsel failed to include many Plaintiffs in their supplements and corrections to Chart A. <u>See</u> Counsel Chart A.  Moreover, counsel provided no additional information linking each Plaintiff's claim to the appropriate paragraph of the complaint as ordered, resulting in the Court having to take substantial amount of time to perform the work asked of counsel.

[8] Of the Plaintiffs to present exhausted administrative requirements as to Civil Action 04-320, Sergeant Blackmon-Malloy is the only one to unequivocally assert attendance at a counseling session on October 27, 2003.  <u>See</u> Blackmon-Malloy Decl. ¶ 8(b).

the assertions made by counsel in her declaration, the Court recommends proceeding with all four of her claims. <u>See</u> Blackmon-Malloy Decl. ¶¶ 6, 7.  Therefore, all of her claims are included in Appendix D.

**4.**    **<u>Regina Bolden-Whitaker</u>**

Regina Bolden-Whitaker, a plaintiff in the lead case as well as in consolidated Civil Action 03-2644, has worked for the United States Capitol Police since August 21, 1985, and currently serves as a Private First Class in the Senate division. Mot. for Recon., Ex.15,  Declaration of Regina Bolden-Whitaker ("Bolden-Whitaker Decl."), Attachment A, ¶ 2.  She alleges a total of four claims, including various forms of retaliation, non-selection, and a hostile work environment, relating to incidents in May 2001 and April 2003. Second Amend. Compl. ¶ 34; <u>Bolden-Whitaker v. United States Capitol Police Bd.</u>, Civ. No. 03-2644, Compl. ¶ 17.

Officer Bolden-Whitaker satisfied administrative requirements for two claims of retaliation according to charts submitted by counsel, and therefore those two claims are listed in Appendix A. <u>See</u> Gebhardt Chart B at 2.  In one incident that is part of Civil Action 01-2221, Officer Bolden-Whitaker alleges she was placed on restrictive duty for not wearing protective body armor despite a medical condition precluding her from wearing the body armor. Second Amend. Compl. ¶ 34.  She confirms personally attending both counseling and mediation relating to this claim, which the Defendant does not dispute. <u>See</u> Bolden-Whitaker Decl. ¶ 8; Opp. at 27.  The Defendant argues, however,

---

[9] It is again worth noting counsel's omissions in Gebhardt's Chart B, where only one counseling date is listed though Sergeant Blackmon-Malloy asserts she attended at least three. Blackmon-Malloy Decl. ¶ 6(c). Also, the date provided by counsel for this plaintiff's attendance at mediation, June 30, 2001, conflicts with her own account of attending mediation on June 22, 2001. <u>See id.</u>  Again, the discrepancies are not a factor in resolution of the claims' viability but the errors should be highlighted to urge counsel to avoid making any such inadvertent misrepresentations to the Court in the future.

that the 2001 Complaint could not encompass this particular claim, for which mediation did not conclude until December 2001—after the Complaint was filed. Opp. at 27. Furthermore, the Defendant claims her participation in mediation was in bad faith. Id. at 27-28. Neither argument is a basis for dismissal at this stage, and the Court recommends proceeding with this claim and includes it in Appendix D.

In the other incident to which counsel attests completion of administrative requirements, involving Civil Action 03-2644, Officer Bolden-Whitaker alleges retaliatory disciplinary action. See Civ. No. 03-2644, Compl. ¶ 17; Gebhardt Chart B at 2. Though the language in Bolden-Whitaker's declaration as to this incident differs slightly from her clear assertion of personal attendance at counseling and mediation regarding the previously mentioned retaliation claim, cf. Bolden-Whitaker Decl. ¶ 7 and ¶ 8, Plaintiffs' Motion for Reconsideration clearly claims Officer Bolden-Whitaker attended counseling and mediation in person regarding her 2003 claim. Mot. for Reconsid. ¶ 20. Therefore, the Court recommends also proceeding with this claim and includes it in Appendix D.

The other two claims are recommended for dismissal for failure to exhaust administrative requirements. Though she complied with all other requirements, Officer Bolden-Whitaker did not personally attend mediation sessions for the events beginning in 2001 that resulted in hostile work environment and non-selection claims brought under Civil Action 01-2221 because she was recovering from surgery and on approved sick leave. See Bolden-Whitaker Decl. ¶ 6. Officer Bolden-Whitaker does not indicate a request to extend the mediation period to accommodate her recovery, nor any efforts to

reschedule mediation for a time she could attend.[10]  She also acknowledges that she did

not take the 2000 promotion exam. Bolden-Whitaker Decl., Attachment A, at 10.  The

Court therefore recommends the dismissal of these two claims and includes them in

Appendix B.

   5.    **Clinton Bradford**

   Clinton Bradford, who has served on the United States Capitol Police force since

June 1988, is currently serving as a Private First Class in the House Division. Mot. for

Recon., Ex. 17, Declaration of Plaintiff Clinton O. Bradford ("Bradford Decl.") ¶ 2.

According to counsel, Officer Bradford, a pro se class member in Civil Action 01-2221,

alleges two claims, one of discriminatory non-promotion and the other of a hostile work

environment. See Gebhardt Chart B at 2-3.  Counsel asserts that Officer Bradford

satisfied administrative requirements for both claims, and thus both are included in

Appendix A.[11]

   Like Special Agent Adams, Officer Bradford's only mention in the Complaint is

as a class member with a "provable claim[] of discrimination with respect to matters

alleged in this Complaint." Second Amend. Compl. ¶ 46.  Furthermore, counsel failed to

include Clinton Bradford in the chart submitted to the Court for the purpose of detailing

each plaintiff's claim. See Counsel Chart A.

   The details of Officer Bradford's claims do, however, appear in his declaration

---

[10] It is worth noting that the recuperation period could not have been longer than two months, as Officer Bolden-Whitaker attended counseling regarding her inability to use body armor on September 26, 2001. See Bolden-Whitaker Decl. ¶ 8.

[11] According to the supporting declaration, Officer Bradford attended counseling a second time on May 5, 2001, though Gebhardt Chart B omits this information. See Gebhardt Chart B at 2-3; Bradford Decl. ¶ 9. Also, Gebhardt Chart B does not fully comport with the declaration; Officer Bradford asserts the end of counseling notice issued on May 16, 2001, while the chart lists the date as May 30, 2001. Id.  Again, these discrepancies, while noteworthy, do not affect the analysis of whether the plaintiff exhausted his administrative requirements.

and Plaintiffs' Motion for Reconsideration, thus confirming his completion of administrative requirements for his claims. Bradford Decl. at ¶¶ 8, 13; Mot. for Recon. ¶¶ 7, 13.  The Defendant disputes the timeliness of Officer Bradford's claim and his full participation in the 2000 promotion process. Opp. at 30-31.  The Defendant does not dispute his attendance at counseling and mediation sessions, though it does argue the alleged violations were not the subject of Officer Bradford's counseling request. Opp. at 32.  These factual issues may require further consideration, but the fact that Officer Bradford has provided ample support for his exhaustion of administrative remedies mandates segregating Officer Bradford's claims as viable and including them in Appendix D.

**6.      Arnold Fields**

Arnold Fields is a Private First Class in the Senate Division of the United States Capitol Police and has served on the force since August 18, 1986. Mot. for Recon., Ex. 18, Declaration of Plaintiff Arnold Fields ("Fields Decl.") ¶ 1.  He is a plaintiff in four actions, the lead case as well as Civil Actions 02-1346, 03-1505, and 03-2644, bringing claims of hostile work environment, discriminatory disciplinary and evaluation procedures, and retaliation relating to multiple incidents spanning the time period of early 2001 to March 2003.[12] Second Amend. Compl. ¶ 33; Fields v. United States Capitol Police Bd., Civ. No. 02-1346, Compl. ¶ 7; Fields v. United States Capitol Police Bd., Civ. No. 03-1505, Compl. ¶¶ 7-20; Bolden-Whitaker v. United States Capitol Police Bd., Civ. No. 03-2644, Compl. ¶ 18.  Officer Fields failed to exhaust the administrative remedies for two claims from Civil Action 01-2221 involving the disciplinary action and a hostile

---

[12] While not a named plaintiff, Officer Fields appears in the complaint in Civil Action 04-320, which discusses retaliation and assault on Officer Fields by a white sergeant. See Young v. United States Capitol Police, Civ. No. 04-320, Compl. ¶ 31.

work environment in early 2001, as he did not personally attend mediation for those claims according to counsel. Gebhardt Chart B at 5. Those claims are recommended for dismissal in Appendix B.

Officer Fields appears to have satisfied administrative requirements for three other sets of claims for hostile work environment and retaliation—filed in Civil Actions 02-1346, 03-1505, and 03-2644—and those are included in Appendix A. Because in his declaration Officer Fields supports the data provided by counsel, see Fields Decl. ¶¶ 7-9, the Court recommends proceeding with those claims, listed in Appendix D.

**7.** **Tammie Green**

Tammie Green, a member of the United States Capitol Police force since 1998, currently serves as a Private First Class in the House Division. Mot. for Recon., Ex. 41, Declaration of Plaintiff Tammie D. Green ("Green Decl.") ¶ 2. She is named as a plaintiff in the lead case and in Civil Action 04-320, though the only claim for which counsel now includes Officer Green as a plaintiff relates to the subject of the 2004 lawsuit, the sergeant's 2003 promotion process.[13] See Gebhardt Chart B at 7; Mot. for Recon. ¶ 24. The other two claims, apparently connected to the lead case, are recommended for dismissal for failure to exhaust administrative remedies and are included in Appendix B.

Officer Green's claim for discrimination stems from non-promotion following the 2003 sergeant's promotion exam. Young v. United States Capitol Police Bd., Civ. No. 04-320, Compl. ¶ 27. The details of her particular claim are absent from the Complaint, though her claim is explained in Chart A and Plaintiffs' Motion for Reconsideration. See

---

[13] Note that the questionable status of Officer Green's representation is now resolved with the Court's order granting counsel's motion to withdraw as to plaintiff Tammie Green.

Court Chart A at 4; Mot. for Recon. ¶ 24.  Counsel indicates Officer Green completed all of the administrative requirements as to the 03-420 claim. See Gebhardt Chart B at 7. However, Officer Green's declaration is silent as to her personal attendance at counseling on October 9, 2003. See Green Decl. at ¶ 12.  The absence of any declaration of counseling attendance is highlighted by Officer Green's assertion of personally attending mediation on October 27, 2003. Id.  Without supporting documentation of Officer Green's personal attendance at counseling, the Court recommends dismissal of this claim without prejudice until such evidence is provided and includes it in Appendix C.

**8.     Ave Maria Harris**

Ave Maria Harris, a Private First Class in the United States Capitol Police force, has served on the force since January 14, 1987. Mot. for Recon., Ex. 45, Declaration of Plaintiff Ave Maria Harris ("Harris Decl.") ¶ 2.  She is named as a plaintiff in the lead case and in Civil Action 03-2644.  In the lead case, Officer Harris only appears as a class member with a "provable claim[] of discrimination with respect to matters alleged in this Complaint," the details of which are omitted. See Second Amend. Compl. ¶ 46. According to counsel's chart, any claim relating to incidents prior to 2003 must be dismissed for Officer Harris's failure to attend mediation sessions. See Gebhardt Chart B at 7.  As such, the earlier claim of Officer Harris is included in Appendix B.

In the remaining claim, Officer Harris alleges retaliation and a hostile work environment due to the Capitol Police's investigation and discipline of her for failing to respond to an alarm while on her break. Bolden-Whitaker v. United States Capitol Police Bd., Civ. No. 03-2644, Compl. ¶ 19; Mot. for Recon. ¶¶ 20, 22.  Officer Harris appears to have exhausted the required administrative remedies as to her claim filed in Civil Action

03-2644, warranting inclusion in Appendix A. <u>See</u> Gebhardt Chart B at 7.

According to counsel's chart, Officer Harris personally attended counseling in relation to the claim in Civil Action 03-2644 on July 1, 2003. Gebhardt Chart B at 7. However, nothing filed with the Court supports the assertion. Pleadings suggest that only Officer Bolden-Whitaker attended counseling and mediation in relation to the retaliation claim in Civil Action 03-2644. Mot. for Recon. ¶ 20. Officer Harris acknowledges in her declaration that her request for counseling was received on July 1, but she does not indicate attendance at any counseling session, only that her counseling request was "[r]eceived." Harris Decl. ¶ 7. Additionally, Plaintiffs' Motion for Reconsideration avers Officer Harris's attendance at mediation, but not at counseling. Mot. for Recon. ¶ 22. Therefore, the Court recommends dismissal for this claim without prejudice until such time that Officer Harris provides evidence of her attendance at counseling and mediation, The claim is included in Appendix C.

**9.     <u>Larry Ikard</u>**

Larry Ikard, a plaintiff in the lead case, has been continuously employed by the United States Capitol Police since April 20, 1982, and is now a Sergeant in the House Division First Relief with the Uniform Services Bureau. Mot. for Recon., Ex. 78, Declaration of Plaintiff Larry A. Ikard ("Ikard Decl.") at 1. He alleges discrimination in the 1999 K-9 selection process and a hostile work environment. Second Amend. Compl. ¶ 27. In light of counsel's representation that Officer Ikard did not personally attend counseling and mediation sessions in relation to these claims, the Court recommends their dismissal and includes those claims in Appendix B.

According to the chart submitted by counsel, Sergeant Ikard, acting pro se,

exhausted administrative remedies pursuant to a 2003 non-promotion claim in Civil Action 04-320, and so the Court includes that claim in Appendix A. Johnson Chart B at 7; see also Mot. for Recon. ¶ 24.  However, Sergeant Ikard is not named in Civil Action 04-320 and no documentation supports counsel's submission of dates for Sergeant Ikard's completion of administrative requirements for that claim. See Ikard Decl.; Mot. for Recon. ¶ 24.  Therefore, the Court recommends dismissal of this claim and includes it in Appendix C.

**10.    Derrick Macon**

Derrick Macon has been employed by the United States Capitol Police force since 1985 and now serves as an officer in the Senate Division.  Mot. for Recon., Ex. 79, Declaration of Plaintiff Derrick Macon ("Macon Decl.") ¶ 2.  In the lead case, Officer Macon brings claims relating to discrimination in promotion and discipline, and to a hostile work environment. Second Amend. Compl. ¶ 43.  He is also proceeding pro se as the plaintiff in Civil Action 03-1592, asserting age discrimination and retaliation for his lawsuit in the lead case. Macon v. United States Capitol Police Bd., Civ. No. 03-1592, Compl. ¶¶ 3-12.  According to counsel's chart, Officer Macon exhausted the administrative remedies for all of his claims, and therefore they are included in Appendix A. See Johnson Chart B at 7, 10.[14]

There are problems with each of Officer Macon's claims, however.  For the claims alleged in the lead case, arising out of events that counsel indicates occurred on November 30, 2000, counsel represents that Officer Macon attended counseling in person

---

[14] Gebhardt Chart B also lists one of Officer Macon's pro se claims, but provides no data as to completion of administrative requirements and erroneously captions the claim under unrelated case 02-CV-1592. Gebhardt Chart B at 11.  The Court assumes this mistakenly duplicates data from the reference in Johnson Chart B at 7 and thus disregards it.

on April 12, 2001, the same day counseling was requested. Johnson Chart B at 7. Counsel

further asserts that "Officer Macon attended counsel (sic) on April 28, 2001."

Memorandum in Support of Plaintiffs' Reply to Defendant's Opposition to Plaintiffs'

Motion for Reconsideration of the Court's September 30, 2004 Memorandum Opinion

and Order ("Reply") ¶ Y.  But this is flatly contradicted by Officer Macon's own

declaration, in which he states that he "filed a request for counseling but did not attend

because [he] was instructed that [he] did not have to personally attend a counseling

session because several class members would be representing the entire class." Macon

Decl. ¶ 8; see also Opp. at 11.  Therefore, the Court recommends dismissal of this claim

for failure to exhaust administrative remedies and includes it in Appendix B.

As to the retaliation and age discrimination alleged in Civil Action 03-1592,

counsel indicates Officer Macon completed administrative requirements for his pro se

claims. See Johnson Chart B at 10.  However, nothing in the pleadings or Officer

Macon's declaration supports the information in counsel's chart. See Civ. No. 03-1595,

Compl. ¶ 15; Reply ¶ Y.  The absence of any documentation leaves only bare assertions

of exhaustion, and accordingly the Court recommends dismissal of these claims without

prejudice until evidentiary support is provided.  These claims are included in Appendix

C.

**11.    Brent Mills**

Brent Mills has served on the United States Capitol Police force since October 3,

1990, and he has been a Private First Class since 1993, currently assigned to Senate

Division 2. Mot. for Recon., Ex. 80, Declaration of Plaintiff Brent Allan Mills ("Mills

Decl.") ¶ 2.  Officer Mills is a plaintiff in the lead case as well as a pro se plaintiff in

Civil Action 04-320.

In the lead case, Officer Mills alleges discrimination in being denied a promotion. Second Amend. Comp. ¶ 41. The declaration of Officer Mills that should inform the Court of his exhaustion of administrative remedies, however, is actually an incomplete draft, containing numerous errors and instructions on how to complete the declaration rather than the actual needed information. See Mills Decl. ¶¶ 5-6, 9-12. For example, the declaration is blank where Officer Mills was apparently to insert the dates indicating when he participated in counseling. Mills Decl. ¶ 9 ("I participated in counseling with the Office of Compliance on the following date(s) [blank]"). Moreover, the declaration claims Officer Mills initiated counseling for his claims relating to the lead case on April 12, 2001, Mills Decl. ¶ 8, while he impossibly attended mediation and received his end-of-mediation notice for this claim prior to counseling in the year 2000, Mills Decl. ¶¶ 12-13. This is further contradicted by counsel's chart, which indicates Officer Mills attended counseling but did not attend mediation in person. Johnson Chart B at 7. With all of the discrepancies and gaps relating to Officer Mills's claim in the lead case, the Court recommends dismissing this claim for failure to exhaust administrative requirements, and notes the claim in Appendix B.

Officer Mills proceeds pro se as to one claim relating to the 2003 promotion process. See Young v. United States Capitol Police Bd., Civ. No. 04-320, Compl. ¶¶ 19, 27. Counsel provides dates demonstrating exhaustion of administrative requirements for that claim, and so it appears in Appendix A. Johnson Chart B at 10.[15] The supporting

---

[15] The data for exhaustion of Officer Mills's pro se claim relating to the 2003 sergeant's promotion process appears in both Gebhardt's chart and Johnson's chart. Gebhardt's chart, however, fails to indicate any attendance at counseling. See Gebhardt Chart B at 12. Apparently a duplication, the Court disregards the inclusion of this claim in Gebhardt Chart B.

documentation, however, is silent as to the dates provided in counsel's chart. See Mills Decl.; Mot. for Recon. ¶ 24. Therefore, the Court recommends dismissal of this claim without prejudice, until such time that Officer Mills can provide evidentiary support of exhaustion. The Court includes this claim in Appendix C.

**12.     Duvall Phelps**

Duvall Phelps was a Private First Class in the House Division in the United States Capitol Police force for 25 years, from October 6, 1975, until October 31, 2000. Mot. for Recon., Ex. 25, Declaration of Plaintiff Duvall W. Phelps ("Phelps Decl.") ¶ 3. Officer Phelps is a named plaintiff in the lead case and in Civil Action 03-2644. In the lead case, he alleges his departure from the force was the result of a constructive discharge. Second Amend. Compl. ¶ 26. As a result of that action, Officer Phelps claims retaliation and a hostile work environment when he was denied building access and his credentials were taken. Bolden-Whitaker v. United States Capitol Police Bd., Civ. No. 03-2644, Compl. ¶ 20.

According to counsel, Officer Phelps satisfied the administrative requirements for all of his claims, which are included in Appendix A. See Gebhardt Chart B at 14. Officer Phelps confirms exhaustion of administrative requirements in his declaration. Phelps Decl. ¶¶ 8-9. Though the Defendant argues that the date of the cause of action accrued at the time Officer Phelps agreed to the early retirement, not the date when the early retirement became effective, and that his attendance at mediation did not involve his own claims, Opp. at 39-40, for present purposes the Court recommends all of Officer Phelps's claims proceed at this stage and includes them in Appendix D.

13.    **Vernier Riggs**

Currently a Lieutenant in the United States Capitol Police force assigned to the House Division, Vernier Riggs has been with the force since August 21, 1985. Mot. for Recon., Ex. 26, Declaration of Plaintiff Vernier Riggs ("Riggs Decl.") ¶ 2.  She is a plaintiff in the lead case, alleging, *inter alia*, retaliation, discriminatory evaluation, and the denial of a promotion. Second Amend. Compl. ¶ 24.  She also appears in Civil Action 04-320, though she is not named as a plaintiff, for being singled out at roll call for wearing a white short-sleeve shirt. Young v. United States Capitol Police Bd., Civ. No. 04-320 Compl. ¶ 29.  According to counsel's chart, Lieutenant Riggs now brings claims only of retaliation and a hostile work environment, for which she completed all administrative requirements. Gebhardt Chart B at 15.  These claims are included in Appendix A.

The Defendant disputes the officer's personal attendance at mediation relating to the substance of her claims. Gebhardt Chart B at 15; Opp. at 13-14.  According to counsel's chart, Lieutenant Riggs attended mediation on June 30, 2001. Id.  Lieutenant Riggs asserts, however, she attended a mediation session on June 22, 2001.[16] Riggs Decl. ¶ 13.  As either date would satisfy administrative remedies, and the factual dispute may require additional analysis, the Court recommends the claims proceed and includes them in Appendix D.

14.    **Richard Webb**

Finally, Richard Webb is a Private First Class on the United States Capitol Police force assigned to the "Patrol Mobile Responds" (sic) unit. Mot. for Recon., Ex. 83,

---

[16] In another notable error, counsel indicates Lieutenant Riggs attended one of her many counseling sessions on April 12, 2001. Gebhardt Chart B at 15.  In her declaration, Lieutenant Riggs claims her first counseling session was not until April 28, 2001. Riggs Decl. ¶ 10.

Declaration of Plaintiff Richard R. Webb ("Webb Decl.") ¶ 2. He has served on the force since January 31, 1989. Id. As a plaintiff in the lead case, he alleges discrimination in the K-9 selection process and a hostile work environment, though the details of those claims are absent from the Complaint. Johnson Chart B at 7; see also Webb Decl.; Second Amend. Compl. ¶ 46. As counsel confirms that Officer Webb did not appear personally at any mediation sessions related to those claims, the Court recommends their dismissal for failure to exhaust administrative remedies and includes those claims in Appendix B. See Johnson Chart B at 7; Webb Decl. ¶ 13.

Officer Webb is also a named plaintiff in Civil Action 04-320, in which he alleges discriminatory non-promotion. Young v. United States Capitol Police Bd., Civ. No. 04-320, Compl. ¶¶ 5, 27. That claim is included in Appendix A since Officer Webb apparently satisfied the administrative requirements for it. See Johnson Chart B at 11.[17] However, no evidence exists in any of the pleadings to support the data provided by counsel. Therefore, the Court recommends dismissal of this claim without prejudice until such time as adequate evidence is presented. It is included in Appendix C.

## V.     SUMMARY OF CLAIMS

As a result of the Court's analysis of the multiple pleadings and resolution of discrepancies and errors of counsel, eight Plaintiffs currently present claims to the Court that satisfy the administrative requirements set forth by Judge Sullivan: Frank Adams, Shafton Adams, Sharon Blackmon-Malloy, Regina Bolden-Whitaker, Clinton Bradford, Arnold Fields, Duvall Phelps, and Vernier Riggs. Additional claims of Plaintiffs Frank

---

[17] As with the pro se claim of Officer Mills, the data for exhaustion of Officer Webb's pro se claim relating to the 2003 sergeant's promotion process appears in both Gebhardt's chart and Johnson's chart. Gebhardt's chart, however, fails to indicate any attendance at counseling. See Gebhardt Chart B at 19. Apparently a duplication, the Court disregards the inclusion of this claim in Gebhardt Chart B.

Adams, as well as claims of Tammie Green, Ave Maria Harris, Larry Ikard, Derrick Macon, Brent Mills, and Richard Webb may be viable following supplementation to their declarations to attest to their exhaustion of administrative remedies.  The factual disputes specific to certain claims, including those of Shafton Adams, Regina Bolden-Whitaker, Clinton Bradford, Duvall Phelps, and Vernier Riggs, will require additional consideration once the appropriate claims from Appendices C and D are consolidated into one amended complaint.  All other claims, for these and all other Plaintiffs, must be dismissed for failure to exhaust administrative remedies under the CAA.

## VI.    OTHER OUTSTANDING MOTIONS

Also before the Court are several other requests, each of which may be succinctly addressed here and will be ruled on in a separate Order.

In light of this Court's Report and Recommendation, <u>Plaintiffs' Motion for an Evidentiary Hearing</u> and <u>Plaintiffs' Second Motion for an Evidentiary Hearing or Motion for Leave to Submit Affidavits for the Record</u> will be denied.  Plaintiffs already submitted affidavits with their Motion for Reconsideration; furthermore, any additional pleadings on the matter would violate Judge Sullivan's Minute Order of June 14, 2005.

The <u>Fourth Motion to Withdraw as Counsel</u>, filed by attorney Joseph D. Gebhardt and the firm of Gebhardt & Associates, LLP, will be granted; counsel may withdraw representation as to Plaintiffs Clinton Bradford, Robert Braswell, Tammie Green, and Dale Veal.  The <u>Motion to Temporarily Re-Instate Co-Counsel Agreement</u>, filed by attorney Nathaniel D. Johnson, will also be granted.

Defendant's <u>Motion to Strike</u> the Memorandum filed by Plaintiffs will also be granted.  Plaintiffs' Memorandum, which, in essence, requests yet another

reconsideration of Judge Sullivan's Order on Defendant's Motion to Dismiss, violates Judge Sullivan's Minute Order that no additional pleadings be filed in this matter.  <u>See</u> Minute Order, June 14, 2005.  Furthermore, the Memorandum improperly requests relief this Court is without authority to provide.  Defendant's Motion will be granted and the Memorandum will be ordered stricken**.**

## VII.    CONCLUSION

After closely analyzing the many filings by Plaintiffs in these consolidated cases, correcting multiple errors by counsel, and filling in other necessary gaps to determine which claims, if any, remain viable, the Court recommends:

**DISIMISSING WITH PREJUDICE** all claims included in Appendix B for Plaintiffs' failure to exhaust administrative remedies;

**DISMISSING WITHOUT PREJUDICE** all claims included in Appendix C. Although Plaintiffs appear to have exhausted the administrative remedies for these claims, they have failed to provide the Court with the appropriate supporting documentation or other evidence.  Counsel should be granted leave to supplement the declarations of those Plaintiffs in Appendix C; and

**UPHOLDING** all claims included in Appendix D for Plaintiffs' having exhausted the administrative requirements and for providing supporting evidence thereof.

The Court will separately order counsel to submit supporting affidavits to establish the exhaustion of administrative requirements as to claims **ONLY** included in Appendix C within fourteen days of the date of this Report and Recommendation, or April 2, 2007.  Following counsel's submission, the Court will make a final recommendation as to which claims from Appendix C should be included in an amended

complaint with those claims included in Appendix D.  Upon the filing of an amended

complaint, the Court may better determine how to appropriately address the factual

disputes presented for specific claims.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985).**


_____/s/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE


Dated:  March 19, 2007