**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **SHARON BLACKMON-MALLOY, _et al._,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 01-2221 |
| | ) | (EGS/JMF) |
| **UNITED STATES CAPITOL POLICE BOARD,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

_____)

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

This case was referred to me by Judge Sullivan for a Report and Recommendation on whether any class members are entitled to relief from his September 30, 2004 Memorandum Opinion and Order granting defendant's motion to dismiss without prejudice to reconsideration of claims that conform to the timely counseling and mediation requirements of the Congressional Accountability Act ("CAA"). See 2 U.S.C. §§ 1301-1438.[1] Following review of charts submitted by counsel to indicate the exhaustion of administrative remedies in conformity with Judge Sullivan's order, on March 19, 2007, this Court submitted a Report and Recommendation (the "March Report") to proceed with certain claims (collected in Appendix D to the March Report), dismiss certain claims with prejudice for failure to exhaust administrative remedies (collected in Appendix B to the March Report), and dismiss other claims without prejudice pending submission by Plaintiffs of documentation that administrative remedies were exhausted (collected in Appendix C to the March Report). Blackmon-Malloy v.

_____
[1] All citations to the United States Code are to the electronic versions available in Lexis and Westlaw.

United States Capitol Police Bd., Civ. No. 01-2221, 2007 WL 841019 (D.D.C. Mar. 19, 2007).  This Court has received and reviewed affidavits submitted by Plaintiffs included in Appendix C and now recommends that all claims in Appendix C be dismissed with prejudice for failure to exhaust administrative remedies.  In other words, the claims in Appendix D to the March Report are the only claims this Court finds in compliance with Judge Sullivan's Memorandum Opinion of September 30, 2004, and as a result, this Court recommends proceeding only with those claims indicated in Appendix D to the March Report.

## I.    BACKGROUND

The history and procedural posture of this case are provided in detail in the March Report. See Blackmon-Malloy, 2007 WL 841019, at *2.  In his Order of September 30, 2004, dismissing Plaintiffs' complaints without prejudice to reconsideration of those Plaintiffs' claims that conform to counseling and mediation requirements, Judge Sullivan ordered Plaintiffs, when moving for reconsideration in the lead action, to "clearly state (and provide appropriate documentation for) the allegedly discriminatory act, the date the act occurred, the date counseling was requested, the date the claimant attended counseling, the date mediation was requested, and the date a mediation session was attended." Blackmon-Malloy v. United States Capitol Police Bd., 338 F. Supp. 2d 97, 113 (D.D.C. 2004) (Sullivan, J.).  Judge Sullivan also ordered Plaintiffs in the consolidated actions to explain how the claims met the exhaustion requirements identified in his Order. Id.  In doing so, each Plaintiff was to "detail the allegedly discriminatory act, the date the act occurred, the date counseling was requested, the date the claimant attended counseling, the date mediation was requested, and the date a mediation session was

attended." Id.

Counsel for Plaintiffs submitted charts detailing Plaintiffs' claims. This Court then painstakingly examined each claim by each Plaintiff to determine whether the administrative remedies were exhausted in accordance with Judge Sullivan's Order. Unfortunately, in several instances, the representations in counsel's charts were contradicted by Plaintiffs' sworn declarations. Blackmon-Malloy, 2007 WL 841019, at *4. Additionally, in several other instances, counsel's charts made representations of facts as to which Plaintiffs' declarations were silent. Id. The result was a collection of claims asserted as in compliance with Judge Sullivan's Order, but without the supporting evidence showing exhaustion as necessary. As Judge Sullivan held that only bare allegations of compliance with administrative remedies without supporting documentation were inadequate to support a claim under the CAA, Blackmon-Malloy, 338 F. Supp. 2d at 107, this Court allowed Plaintiffs to provide affidavits and supplement their declarations with that necessary support, Blackmon-Malloy, 2007 WL 841019, at *15.

## II.    DISCUSSION OF AFFIDAVITS FILED IN RESPONSE TO THE COURT'S PREVIOUS REPORT AND RECOMMENDATION

Appendix C to the March Report included claims of Plaintiffs Frank Adams, Tammie Green, Ave Maria Harris, Larry Ikard, Derrick Macon, Brent Mills, and Richard Webb. Affidavits accompanied by several documents from the Congressional Office of Compliance were individually submitted on behalf of all Plaintiffs included in Appendix C to the March Report, except for Tammie Green.[2] None of the affidavits or supporting documentation overcome the deficiencies of the previous filings.

---

[2] Additionally, an affidavit was filed on behalf of Plaintiff Gary Goines, although his claims were not included in Appendix C. As a result, the Court disregards his filing.

1.    <u>**Frank Adams, Brent Mills, and Richard Webb**</u>

As described in the March Report, Frank Adams, Brent Mills, and Richard Webb all failed to demonstrate personal attendance at counseling and mediation for certain pro se claims, which were included in Appendix C.[3]  Though dates were submitted in chart form indicating administrative exhaustion of their pro se claims, the sworn statements filed with Plaintiffs' Motion for Reconsideration were silent as to actual compliance with the exhaustion requirements of with Judge Sullivan's order. <u>Blackmon-Malloy</u>, 2007 WL 841019, at *6, *12, *14.  The Court therefore included the claims in Appendix C to the March Report and allowed these Plaintiffs additional time to supplement their previous filings with the necessary supporting documentation.

The affidavits submitted by Plaintiffs Frank Adams, Brent Mills, and Richard Webb follow a nearly identical template. See <u>Plaintiff Frank Adams' Reply to the Court's Report and Recommendation, Affidavit</u> [#156] ("Adams Aff."); <u>Notice of Filing, Affidavit Statement of Brent Mills</u> [#161] ("Mills Aff."); <u>Notice of Filing, Affidavit Statement of Richard Webb</u> [#160] ("Webb Aff.").  The affidavits each state:

> [Plaintiff] exhausted all administrative remedies in the before-mentioned cases (1) by officially requesting and successfully proceeding through the counseling process and (2) by personally attending mediation in complete compliance with the administrative and procedural requirements of the Congressional Accountability Act (CAA) and Congressional Office of Compliance.

Adams Aff. at 1; Mills Aff.; Webb Aff.  The affidavits do not define what it means to "successfully [proceed] through the counseling process."  According to Judge Sullivan,

---

[3] Other claims filed by Frank Adams were dismissed with prejudice, included in Appendix B to the March Report, while the Court recommended proceeding with his claims in the lead case, as listed in Appendix D. <u>See</u> <u>Blackmon-Malloy</u>, 2007 WL 841019, at *5.  Additional claims filed by Brent Mills and Richard Webb were dismissed with prejudice for failure to exhaust administrative remedies; those claims were also included in Appendix B to the March Report. <u>Id.</u> at *12-13.

successful completion of counseling requires personal attendance at a counseling session. Blackmon-Malloy, 338 F. Supp. 2d at 105-07.

The affidavits themselves do not provide dates of attendance at counseling and mediation sessions, and none of the documents attached to the affidavits indicate personal attendance at counseling and mediation.  At most, the documents included with these Plaintiffs' filings show the beginning and end of a counseling period, the beginning and end of a mediation period, and the notification of the end of both counseling and mediation.  Even though Plaintiff Adams also includes Mediation Agreements executed October 20, 2004, and January 13, 2006, which suggests attendance at mediation on those dates, these two agreements do not indicate personal attendance at counseling prior to mediation as required.  Therefore, this Court must recommend dismissal with prejudice of the claims of Plaintiffs Adams, Mills, and Webb as indicated in Appendix C to the March Report for failure to exhaust administrative remedies.

Plaintiffs Adams, Mills, and Webb also request "in the interest of justice" certain reconsiderations of the findings of Judge Sullivan in his order of September 30, 2004, regarding administrative exhaustion. See Adams Aff. at 1; Mills Aff.; Webb Aff. Specifically, these Plaintiffs ask "that the Court resolve the issue as to whether or not the Defendant, members of the U.S. Capitol Police Board, were required under the Congressional Accountability Act (as Plaintiff was) to personally attend mediation." Adams Aff. at 1; Mills Aff.; Webb Aff.   This Court has no authority whatsoever to reconsider Judge Sullivan's opinion.

Finally, Plaintiff Adams also requests that twenty-four of his claims listed in Appendix B to the March Report for dismissal with prejudice proceed as related claims of

hostile work environment under <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101 (2002).  Again, the proper format of such a request is in a motion for reconsideration presented to Judge Sullivan.

**2.    <u>Ave Maria Harris</u>**

Plaintiff Ave Maria Harris failed to support assertions of personal attendance at counseling in relation to her claims of retaliation and a hostile work environment, and as a result, this Court included her claims in Appendix C to the March Report.[4] <u>Blackmon-Malloy</u>, 2007 WL 841019, at *10.  Her declaration filed in response to the Court's Report confirms her failure to personally attend counseling.  <u>See</u> <u>Notice of Filing, Declaration of Ave Maria Harris</u> ("Harris Decl.").  Plaintiff Harris explicitly states her "representative" fulfilled the Office of Compliance's requirement for counseling. <u>Id.</u> at ¶ 4.  Furthermore, it is her representative, Duvall Phelps, another plaintiff in this case, who "personally filed" her request for mediation, <u>id.</u> at ¶ 5, who "went to the Office in person and filed a formal request for counseling," <u>id.</u> at ¶ 7, who "filed a request, in person at the Office, to reduce the counseling period," <u>id.</u> at ¶ 8, and who "received the notice of the end of the counseling period" and who "filed a Request for Mediation," <u>id.</u> at ¶ 10.  Though she attended mediation in person for one of her complaints, <u>id.</u> at ¶ 15, nothing indicates Plaintiff Harris in any way complied with the administrative exhaustion as stated in Judge Sullivan's order.  Judge Sullivan explicitly stated that nothing in the language of the CAA "permits one person to fulfill the requirement of others." <u>Blackmon-Malloy</u>, 338 F. Supp. 2d at 107.  The claims of Ave Maria Harris indicated in Appendix C to the March Report are, therefore, recommended for dismissal with prejudice.

---

[4] Another claim of Ave Maria Harris was recommended for dismissal with prejudice for failure to attend mediation in person.  <u>See</u> <u>Blackmon-Malloy</u>, 2007 WL 841019, at *10.

3.      **Larry Ikard**

Appendix C to the March Report included a pro se claim of Larry Ikard, now deceased, relating to Civil Action 04-320, for which he was not a named plaintiff.[5] Without documentation to support counsel's previous submission of dates for Sergeant Ikard's completion of administrative remedies for that claim, the Court included it in Appendix C to the March Report. Blackmon-Malloy, 2007 WL 841019, at *11.  On his behalf, Richard Webb provided an affidavit claiming firsthand knowledge that Plaintiff Ikard "officially request[ed] and successfully proceed[ed] through the counseling process." Plaintiff Larry Ikard's Reply to This Court's Report and Recommendation, Affidavit Statement of Richard Webb.  Without describing dates of attendance at counseling and mediation sessions, this is a wholly inadequate showing of administrative exhaustion under the CAA.  Similarly, none of the documents attached to the affidavit indicate Plaintiff Ikard's personal attendance at counseling and mediation.  At most, the documents included with Plaintiff Ikard's filing show the beginning and end of a counseling period, the beginning and end of a mediation period, and the notification of the end of both counseling and mediation.  The Court therefore recommends the dismissal of his claims with prejudice for failure to exhaust administrative remedies.

4.      **Derrick Macon**

Plaintiff Derrick Macon indicated administrative exhaustion for his pro se claims without any supporting documentation, and therefore the Court included those claims in Appendix C to the March Report.[6] Blackmon-Malloy, 2007 WL 841019, at *11.  He

---

[5] The Court also recommended dismissal of additional claims brought by Larry Ikard for his counsel's representations that he did not attend counseling and mediation sessions in relation to those claims, and included those in Appendix B to the March Report. Blackmon-Malloy, 2007 WL 841019, at *10.

[6]  The Court recommended dismissal with prejudice for Derrick Macon's claims arising out of events in

provided the court with ample documentation of proceedings with the Office of Compliance, which allegedly include the "date the claimant attended counseling," but, again, none of the documents indicate personal attendance at a counseling session. See Plaintiffs' Reply to Order at 1. Pursuant to Judge Sullivan's order, the Court must therefore recommend dismissal of Plaintiff Macon's claims with prejudice for failure to exhaust administrative remedies.

## VII.    CONCLUSION

This Court has permitted Plaintiffs to provide information necessary for the Court to find exhaustion of administrative remedies in compliance with Judge Sullivan's order. Restating an assertion of exhaustion without supporting evidence—and, in at least one case, outright claiming exhaustion by a "representative"—despite the Court's repeated rejection of vicarious exhaustion is not providing the information Judge Sullivan has required. There is no supporting documentation from the Plaintiffs included in Appendix C to the March Report to show personal attendance at counseling and mediation sessions as required under the CAA. Therefore, the Court recommends:

**DISMISSING WITH PREJUDICE** all claims included in Appendix C to the March Report. As a result, the only claims the Court recommends proceeding with in this action are those previously indicated in Appendix D to the March Report.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985).**

---

November 2000, for which Plaintiff Macon acknowledged he did not personally attend counseling due to instruction that his attendance was not necessary. Blackmon-Malloy, 2007 WL 841019, at *11.

_____/s/_____

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE


Dated: May 15, 2007