**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SHARON BLACKMON-MALLOY, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civ. No. 01-02221 (EGS)** |
| **UNITED STATES CAPITOL POLICE BOARD** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

The Capitol Police Board, pursuant to Federal Rule of Civil Procedure 72 and this Court's Local Rule 72.3, hereby submits its reply to Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation dated March 19, 2007 ("Report"). With the exception of the clerical errors and minor changes to the record, the Report should be adopted by the Court.

## ARGUMENT

### A. Plaintiffs Inappropriately Objected Mainly to Judge Sullivan's Memorandum Opinion, not to Magistrate Judge Facciola's Report and Recommendation.

In their Objections, Plaintiffs mainly object to Judge Sullivan's underlying Memorandum Opinion and Order dated September 30, 2004.[1] Objections to this Court's underlying decision do not comply with Federal Rule of Civil Procedure 72 and Local Rule 72.3(b). Rule 72 governs

---

[1] To the extent that the Court entertains objections based on the Memorandum Opinion and Order of this Court dated September 30, 2004, Defendant incorporates by reference its Memorandum in Opposition to Plaintiffs' Motion for Reconsideration [Dkt. #72 and # 98] and its Surreply to Plaintiffs' Reply in Support of Their Motion for Reconsideration [Dkt. #110].

objections to a Magistrate Judge's Recommendation, not the District Court's underlying opinion. Moreover, Local Rule 72.3(b), titled "Objection to Recommendations of the Magistrate Judge," requires Plaintiffs to "file written objections to the magistrate judge's proposed findings and recommendations." LcvR. 72.3(b).

Plaintiffs objected chiefly to Magistrate Facciola's recitation of Judge Sullivan's Decision rather than the findings or recommendations of Magistrate Facciola. Magistrate Facciola did not assert legal conclusions independent of this Court's previous ruling and cited to Judge Sullivan's decisions on the legal standards. Thus, Plaintiffs' objections are nothing more than an attempt to renew a motion for reconsideration.[2] Objections to the Court's underlying decision are not proper under Local Rule 72.3(b). Judge Sullivan referred the action to Magistrate Judge Facciola pursuant to LcvR 72(b) for a Report and Recommendation regarding the issue of whether any class members are entitled to relief from this Court's Memorandum Opinion and Order issued on September 30, 2004. Minute Order dated August 8, 2005. Because Plaintiff objected to issues not in front of Magistrate Judge Facciola, the Court should reject these objections. See Ginorio v. Contreras, 409 F. Supp.2d 101 (D. Puerto Rico 2006) (finding arguments not raised before magistrate judge would not be considered by Court in its review of the report and recommendations). Consequently, Plaintiff' s Objections based on Judge Sullivan's legal conclusions rather than Magistrate Judge Facciola's findings or

[2] This Court denied plaintiffs' Motion for Reconsideration in which Plaintiffs made the same objections. A motion for reconsideration, however, is neither an opportunity "to renew factual or legal arguments that [plaintiffs] asserted in [their] original briefs and that were already rejected by the Court," nor "is it a vehicle for presenting theories or arguments that could have been advanced earlier." See Pearson v. Thompson, 141 F. Supp. 2d 105, 107 (D.D.C. 2001); Rann v. Chao, 209 F. Supp. 2d 75, 83 (D.D.C. 2002).

recommendations should be rejected as noncompliant with Federal Rule of Civil Procedure 72 and Local Rule 72.3. See Plt Opp. at A1, A3 - A8, A10 - A12, D1, and E1.[3]

**B. Plaintiffs' Objections To Issues Not Raised in the Magistrate's Report and Recommendation Should be Rejected**.

Plaintiffs object to issues that are not even in Magistrate Facciola's Report and Recommendation. Federal Rule of Civil Procedure 72 permits objections to a Magistrate's determinations but does not authorize parties to object to issues outside of the Magistrate's determinations. Ginorio, 409 F. Supp.2d 101 (finding arguments not raised before magistrate judge would not be considered by Court in its review of the report and recommendations). Specifically, Plaintiffs' objections include: a) Plaintiffs were required to give "unlimited" extensions of time for mediation; b) participation in counseling or mediation could have been accomplished through legal counsel only; c) Plaintiffs were not entitled to rely on the Office of Compliance administrative process and documentation; and d) the CAA provides the exclusive procedure for current or former legislative branch employees to file suit alleging employment discrimination. See Plt. Objections at A20-A23. Because these issues were not included in the Report, the Court should reject objections based on these issues.

**C. Plaintiffs Failed to Identify the Portions of the Findings and Determinations to which the Objection is Made and the Basis for the Objection.**

Local Rule 72.3(b) provides that objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made . . . ." LcvR 72.3(b) (emphasis added). As discussed above, Plaintiffs objected to issues not in the Report and Recommendation and therefore Plaintiffs can not identify portions of the proposed findings and

[3] Objections raised by Plaintiffs are identified by the same letter and number used by Plaintiffs in the Objections to the Magistrate's Report and Recommendation [Dkt. #154].

recommendations for these objections. Therefore, Objections A2, and A20-A23 should be rejected. Plaintiffs' general identification of all of the proposed findings in Appendix B does not fulfill LcvR 72.3(b)'s specificity requirement. Therefore, Objection A14 should be rejected. Plaintiffs' do not specifically identify any portion of the proposed findings and recommendations to which they objected regarding the denial of evidentiary hearings by the Magistrate Judge. Thus, Objections C1 through C3 should be rejected.

**D. Plaintiffs Failed to Specifically Identify the Basis for Certain Objections.**

Plaintiff only presented a general basis for certain objections, rather than specific reasons. Local Rule 72.3(b) provides that objections "shall specifically identify . . . the basis for the objection." LcvR 72.3(b) (emphasis added). Plaintiffs have not raised specific objections to the dismissal of individual Plaintiffs other than the nine Plaintiffs named in their objections.[4] Instead, Plaintiffs raised a generic objection that only fourteen Plaintiffs exhausted their administrative remedies. Plt Opp. A13. Plaintiffs generally objected that the only viable claims are those listed in Appendix D and that the claims collected in Appendix B did not exhaust administrative remedies. Plt. Opp. A14 and E4. Plaintiffs' objections raised in Objections A13, A14 and E4 should be rejected because they do not comply with Local Rule 72.3's requirement of specificity.

[4] For cases stemming from 01-2221, Plaintiffs object to claims for Regina Bolden-Whitaker (A15), Arnold Fields (A17), Ave Harris (A18), Larry Ikard (A19, B4, E6), Frank Adams (E5), Derrick Macon (E7), Richard Webb (E8), and Brent Mills (E9). For case 04-320, Plaintiffs object to the exclusion of claims from Gary Goines (E2).

**E. Portions of the Findings and Recommendations not Objected to Should be Adopted.**

Those portions of Magistrate Facciola's Report and Recommendation that were not specifically objected to are entitled to be adopted. See Miller v. Holzmann, Civ. A. No. 95-1231, 2007 WL 710132 (D.D.C. Mar. 6, 2007) (Magistrate's Report and Recommendation that were not objected to are entitled to be adopted). Plaintiffs raised specific objections for only nine Plaintiffs and merely presented a vague and general basis for their objections concerning the failure of all others to exhaust their administrative remedies. Thus, Magistrate Facciola's recommendations for dismissal for the vast majority of Plaintiffs in Appendix B of the Magistrate's Report and Recommendation are entitled to be adopted because Plaintiffs did not make specific objections as set forth in Local Civil Rule 72.3(b).

**F. Plaintiffs Failed to Exhaust their Administrative Remedies**

Plaintiffs raised specific objections regarding nine Plaintiffs and Defendant responds as follows.

1. *Plaintiff Regina Bolden-Whitaker did not exhaust her administrative remedies related to Civil Action 01-2221.*

Plaintiff objects to recommendation that Plaintiff Regina Bolden-Whitaker in Civil Action No. 01-2221 should be dismissed for failure to exhaust her administrative remedies asserting that at the time of her scheduled mediation she was recovering from surgery and on approved sick leave. Plt Opp. A15. Plaintiffs, however, offer neither evidence that Plaintiff Bolden-Whitaker attended mediation in person for her claims in Civil Action No. 01-2221 nor evidence that she offered to extend the mediation to a date in the future.

Plaintiffs argue that Plaintiff Bolden-Whittaker could not have extended her mediation period because she received an end of mediation notice from the Office of Compliance.

Plaintiffs, however, provided no evidence that Plaintiff Bolden-Whittaker even sought an opportunity to mediate the case despite the fact that she received a notice of end of mediation. Thus, Bolden-Whittaker's claims in Civil Action 01-2221 were correctly recommended for dismissal.[5]

2. *Plaintiff Arnold Fields did not exhaust his administrative remedies related to Civil Action 01-2221.*

Magistrate Facciola correctly concluded that Plaintiff Arnold Fields did not properly exhaust his administrative remedies in Civil Action 01-2221 related to his discipline and hostile work environment claims. Report at 16-17. Plaintiffs object to the dismissal of Fields's claims because he did not attend mediation in person on those claims. Plt Opp. A17. Plaintiffs apparently rely on their legal conclusion asserted in their Motion for Reconsideration that Fields was represented at mediation by his counsel. This allegation was dismissed by the Court without prejudice and Plaintiffs admit that Plaintiff Fields did not attend mediation in person on his two claims. Gebhardt Chart B at 5. As such, Magistrate Facciola correctly recommended dismissal of Fields's two claims based on the chart submitted by his counsel. Moreover, Plaintiffs' objection to the factual finding that Plaintiff Fields did not personally attend mediation for his 2001 disciplinary action and hostile work environment claims should be rejected as well as there is no evidence to demonstrate the date Plaintiff attended mediation in person. Plt Opp. B4.

3. *Plaintiff Ave Maria Harris did not exhaust her administrative remedies related to Civil Action 01-2221.*

---

[5] Additionally, Plaintiff Bolden-Whitaker acknowledges that she did not take the 2000 promotion exam and Plaintiffs did not file an objection on this point. Thus, Magistrate Facciola's recommendation to dismiss the promotion claim should be adopted as well.

Plaintiff did not comply with the Court's requirement that Plaintiff state with clarity and precision the exact cause of action the Plaintiff has. Plaintiffs' submitted Chart merely indicates that Plaintiff Ave Maria Harris was not identified as a plaintiff in the Motion for Reconsideration. See Gebhardt Chart B at 7. As such, Plaintiff Harris's claim should be dismissed as not complying with the Court's instruction.

Plaintiffs object that Harris's claim should be dismissed because she did not attend mediation in person. Plt Opp. A18. Like Plaintiff Fields above, Plaintiffs apparently rely on their legal conclusion asserted in their Motion for Reconsideration that some Plaintiffs were represented at mediation by counsel. However, Plaintiff Harris was only identified in the Motion for Reconsideration for the 03-CP-34 case at Exhibit 9 and never identified for her 01-CP-89 case which was the underlying case for her allegations in 01-2221. Because Plaintiff Harris made no showing whatsoever regarding exhaustion of her administrative remedies for Civil Action 01-2221, Magistrate Facciola correctly recommended dismissal of the claim.

4. *Plaintiff Larry Ikard did not exhaust his administrative remedies related to Civil Action 01-2221.*

Magistrate Facciola correctly concluded that Plaintiff Larry Ikard did not properly exhaust his administrative remedies in Civil Action 01-2221 related to two claims. Report at 19-20. Magistrate Facciola relied upon Plaintiffs' counsel who represented that Plaintiff Ikard did not personally attend counseling or mediation related to his claims in Civil Action 01-2221. (Mag. Facciola Chart B at 13). Plaintiffs object to the conclusion that Plaintiff Ikard's claims alleging discrimination and hostile work environment in Civil Action 01-2221 should be dismissed because he did not attend counseling and mediation in person. Plt Opp. A19. Yet,

Plaintiff offers no dates when Plaintiff Ikard attended counseling or mediation for his two claims. Accordingly, Magistrate Facciola correctly recommended dismissal of these two claims.

5. *Plaintiff Frank Adams did not exhaust his administrative remedies for his twenty-four claims.*

Plaintiffs object to the recommendation that Plaintiff Adams failed to exhaust administrative remedies for twenty-four of his claims. Plt Opp. E5. Plaintiffs assert that because Adams met the initial administrative requirement for a hostile working environment in April 2001, any subsequent violation is deemed acceptable citing Nat'l RR. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). Plaintiffs' objection should be rejected for several reasons.

Plaintiffs identified fifty-seven instances of allegedly discriminatory practices in Chart B. Johnson Chart B. Plaintiffs, by their own submission in Chart B, admit that several of the allegations were not timely filed before the Office of Compliance. Magistrate Facciola essentially lifted from Plaintiffs' Chart B the date of the alleged violation and the 180th day by which Plaintiff was required to request counseling for the alleged violation. For each of the twenty-four claims dismissed by Magistrate Facciola, Plaintiffs admit that counseling was not requested within the 180 day time period. Because Plaintiff Frank Adams cannot – and did not– demonstrate that he is entitled to relief from this Court's Memorandum Opinion and Order issued on September 30, 2004, Magistrate Facciola correctly dismissed the twenty-four claims where Plaintiffs admitted to not seeking counseling within 180 days of the alleged violation.

Plaintiffs' reliance on National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 102 (2002), to bootstrap untimely claims is incorrect for several reasons. First, the Supreme Court unanimously rejected the continuing violation doctrine when it was applied to a series of discrete acts. Morgan, 536 U.S. at 101. By their own submission, Plaintiffs' description of the claims

are a series of discrete acts. Second, the Supreme Court stated explicitly that discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Morgan, 536 U.S. at 102. The Court held that "each discrete discriminatory act starts a new clock for filing charges alleging that act." Id. at 113. Because Plaintiffs, by their own submission, admit that the twenty-four claims are not timely in that counseling was not requested within 180 days of the alleged violation in accordance with the CAA and occurred *prior to* his filing of claims related to Civil Action 01-2221, National Railroad Passenger Corp. v. Morgan does not save these untimely filed charges. As such, the Magistrate correctly concluded that these twenty-four claims should be dismissed.

6. *Plaintiff Derrick Macon did not exhaust his administrative remedies related to Civil Action 01-2221.*

Additionally, as Magistrate Facciola found, there are problems with each of Plaintiff Macon's claims regarding the 1990 Sergeant promotions examination, discipline, and hostile work environment. Plt Opp. E7. Plaintiffs' counsel represented that Plaintiff Macon attended counseling on April 12, 2001, yet Plaintiff Macon's declaration states that he did not personally attend counseling. Thus, Magistrate Facciola correctly dismissed Plaintiff Macon's claims related to Civil Action 01-2221 because he did not demonstrate that he exhausted his administrative remedies.

Plaintiffs objected to the recommendation that Macon's claims be dismissed but their objection did not comply with the specificity requirements of Local Rule 72.3(b) or rectify the factual contradiction between the affidavit and counsel's representation. Plt Opp. E7. Plaintiffs neither identified any portion of the proposed finding to which they object nor stated the basis

for their objection. For these reasons alone, Plaintiffs' objection should be denied and Magistrate Facciola's Recommendation should be adopted.

7. *Plaintiff Brent Mills did not exhaust his administrative remedies related to Civil Action 01-2221.*

Plaintiffs raise three objections related to the Magistrate's Report. Plt Opp. E9. Plaintiffs object that Mills was required to attend counseling and mediation in person, that the CAA does not provide vicarious exhaustion, and that he did not exhaust his administrative requirements for his *pro se* representation. Plaintiffs' objections should be dismissed for several reasons.

First, like several other Plaintiffs, Plaintiffs did not comply with the specificity requirements of Local Rule 72.3(b). In Objection E9, Plaintiffs did not identify any portion of the proposed finding to which they object. Plaintiffs also do not state the basis for their objection. For these reasons alone, Plaintiffs' objection should be dismissed and Magistrate Facciola's Recommendation should be adopted.

Second, Judge Sullivan's previous ruling regarding the requirement of in-person counseling and mediation and the unavailability of vicarious exhaustion was not an issue before Magistrate Facciola. Thus, the objection to this Court's previous ruling should be dismissed. Plt Opp. E9.

Finally, Mills submitted a declaration in which he represented that he attended counseling in 2001 and mediation in 2000. His counsel represented that Mills did not attend mediation in person. Johnson Chart B at 7. Because Mills did not establish any time frames that suggested he exhausted his administrative remedies, Magistrate Facciola correctly recommended that Plaintiff Mills' claims in Civil Action 01-2221 be dismissed.

8. *Plaintiff Richard Webb did not exhaust his administrative remedies related to Civil Action 01-2221.*

Plaintiffs raise three objections regarding Plaintiff Webb. Plaintiffs object that Plaintiff Webb was required to attend counseling and mediation in person, object to the Court's interpretation that the CAA does not provide vicarious exhaustion, and object that Plaintiff Webb did not provide evidence to support participation in Civil Action 04-320. Plt Opp. E8. Each of Plaintiffs' objections should be rejected.

As discussed in Section F6, objections to Judge Sullivan's underlying decision do not comply with Federal Rule of Civil Procedure 72 and Local Rule 72.3(b). Thus, both objections to this Court's previous ruling regarding the requirement of in person counseling and mediation and the unavailability of vicarious exhaustion under the CAA should be dismissed. Plt Opp. E8.

The Court should also reject Plaintiffs' objection to the recommendation to dismiss two of Plaintiff Webb's claims because he did not exhaust his administrative remedies. Magistrate Judge Facciola correctly relied upon Plaintiffs' submission that Plaintiff Webb did not attend counseling or mediation in person related to those two claims. Therefore, Magistrate Judge Facciola correctly recommended dismissal of both claims listed in Appendix B.

9. *Plaintiffs' objections raised on behalf of unrepresented or pro se Plaintiffs should be rejected as not complying with Local Rule 72.3.*

Plaintiffs object to any erroneous legal conclusion or finding of fact about an unrepresented or *pro se* Plaintiff. Plt Opp. A25, B6. Defendant notes Plaintiffs' counsel raise objections on behalf of Plaintiffs who are proceeding *pro se* even though it is incumbent on those *pro se* Plaintiffs to comply with filing objections on their behalf. Nevertheless, because Plaintiffs' filing on behalf of those *pro se* Plaintiffs does not comply with Local Rule 72.3, those objections must be rejected. Plaintiffs did not specifically identify any portion of the proposed

findings and recommendation in the Report to which they object and they have provided no basis for their objections. Because Plaintiffs have not complied with Local Rule 72.3(b), their objections in A25 and B6 must be rejected.

10. *Plaintiffs' objections regarding Gary Goines should be rejected as not complying with Local Rule 72.3.*

In Objection E2, Plaintiffs object to the exclusion of Gary Goines in Civil Action 04-320. Plaintiffs, however, did not present any evidence regarding the date that Goines attended counseling in person. Plaintiffs had ample opportunity to present this information to Magistrate Facciola and never did so. Therefore, Goines's claims under Civil Action 04-320 should be dismissed. Moreover, Plaintiffs did not identify the portions of the findings and recommendation to which objection is made nor did they provide the basis for their objection. Plt Opp. E2. These objections must be rejected because Plaintiffs have failed to comply with the mandatory requirements of Local Rule 72.3(b).

**D. Plaintiffs' Objections to Errors and Discrepancies Provided by Their Counsel Should Be Rejected.**

In Objection D2 and E3, Plaintiffs object to the Reports' characterization of the information presented by counsel as inaccurate and unsupported by the accompanying documentation. Magistrate Judge Facciola detailed specific instances of discrepancies between counsel's chart that was submitted and declarations from various Plaintiffs. For example, on page twelve of the Report, Magistrate Facciola noted that counsel failed to include many Plaintiffs in their supplements and corrections to Chart A and provided no additional information linking each Plaintiff's claim to the appropriate paragraph of the complaint. Plaintiff offers no explanation or a basis for objecting to the Magistrate's observation and analysis and none is apparent. As such, Plaintiffs' objections raised in D2 and E2 should be rejected.

**E. Clerical Corrections**

Plaintiffs raise several clerical objections to the Magistrate's Recommended Factual Findings. Defendant does not oppose correcting clerical mistakes, and suggests the following clerical corrections and changes to the record based upon updated information.

Defendant agrees with Plaintiffs that Plaintiff Thomas Spavone is a "Hispanic Officer" and not an African American Officer. Plt Opp. B1. Defendant agrees that Plaintiff Sharon Blackmon-Malloy is now a Lieutenant in the Capitol Division. Plt Opp. B2. Defendant agrees that Plaintiff Larry Ikard is now deceased. Plt Opp. B5.

Plaintiffs object to the clause "in a class action" where the Court stated vicarious exhaustion of required administrative remedies is barred by the plain meaning of the CAA. Plt Opp. A9. Blackmon-Malloy v. United States Capitol Police Bd., 338 F. Supp. 2d 97, 105 (D.D.C. 2004). This language was part of the Court's initial ruling and not a separate legal ruling by Magistrate Facciola. As such, this issue was not raised by Plaintiffs in their Motion for Reconsideration. Nevertheless, Defendant agrees that a "class action" is not permitted under the CAA and the clause "in a class action" should be corrected as a clerical error in the Court's final decision.

**CONCLUSION**

For the foregoing reasons, the Court should adopt Magistrate Facciola's Report with clerical corrections and changes recommended above.

.

Dated: May 15, 2007

Respectfully submitted,

___________/s/________________________
JEFFREY A TAYLOR, D.C. BAR #498610
United States Attorney

___________________________________
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

___________________________________
ANDREA MCBARNETTE, D.C. BAR #483789
LAURIE WEINSTEIN, D.C. BAR #389511
Assistant United States Attorneys
555 4th Street, NW Rm. E4913
Washington, D.C. 20530
(202) 514-7153

FREDERICK M. HERRERA, D.C. BAR #423675
United States Capitol Police
119 D Street, NE
Washington, D.C. 20510
(202) 593-3662