## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHARON BLACKMON-MALLOY,** | ) |
| ***et al.*,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civ. No. 01-02221 (EGS)** |
| | ) |
| **UNITED STATES CAPITOL** | ) |
| **POLICE BOARD,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### DEFENDANT'S REPLY TO THE
### PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE
### JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION

The Capitol Police Board, pursuant to Federal Rule of Civil Procedure 72 and this

Court's Local Rule 72.3, hereby submits its reply to Plaintiffs' Objections to the Magistrate

Judge's Supplemental Report and Recommendation; and to the two objections filed against the

Supplemental Report and Recommendation by Plaintiffs Macon and Adam.  The Court ordered

the Plaintiffs to provide evidence to establish the alleged exhaustion of the administrative

remedies for their claims in Appendix C attached to the Court's Report and Recommendation.

Order dated March 19, 2007.  To establish exhaustion of the administrative remedies, Magistrate

Judge Facciola stated that "a plaintiff must show the following: (1) a request for counseling

within 180 days of the alleged violation; (2) attendance at counseling, in person; (3) request for

mediation within 15 days of the counseling; and (4) attendance at mediation, in person." Report

and Recommendation at 6-7.  After reviewing the new evidence then offered by the Plaintiffs,

Magistrate Judge Facciola issued the Supplemental Report and Recommendation ("Supplemental

Report").  The Plaintiffs did not made the requisite showing and Magistrate Judge Facciola

correctly determined that the Plaintiff's claims should be dismissed for failure to exhaust their administrative remedies.

In fact, Plaintiffs were given numerous opportunities to provide additional information regarding their exhaustion of administrative remedies. For each of the many "bites of the apple," Plaintiffs simply have not provided the information regarding counseling and/or mediation as requested by this Court. *See* Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss [Dkt. #67], Motion for Reconsideration [Dkt. #96], Reply to Defendant's Opposition to Motion for Reconsideration [Dkt. ## 102, 105], Notice of Filing by All Plaintiffs [Dkt. # 137], Response to Order of Court to file Charts A and B filed by All Plaintiffs [Dkt. ## 133, 137, 141], and Reply to Magistrate Facciola's Appendix C [Dkt. ## 155, 156, 157]. Because Plaintiffs have yet again failed to provided evidence of their alleged exhaustion of the administrative remedies, the Supplemental Report should be adopted by the Court.[1]

## ARGUMENT

### I.     Plaintiff Adams

Plaintiff Adams did not demonstrate personal attendance at counseling for his *pro se* claims which were included in Appendix C. In his submission, Plaintiff stated that he personally attended mediation. Affidavit of Frank Adams, dated April 10, 2007. He, however, did not state that he personally attended counseling in his Affidavit or in any of his submitted documents. Although Plaintiff stated in his Affidavit that he "successfully proceed[ed] through

---

[1] Plaintiffs have asked for a hearing regarding the issue of exhaustion. Defendant notes that even if the testimony in the affidavits of the Plaintiffs is correct, the affidavits do not present evidence establishing exhaustion of the administrative remedies. Although the Defendant does not believe that a hearing would contribute relevant testimony, the Defendant will be available at the Court's discretion.

the counseling process, " Magistrate Judge Facciola correctly found that the affidavit did not define what it meant to "successfully [proceed] through the counseling process." Supplement Report at 4.

Moreover, Magistrate Judge Facciola found that neither the Adams Affidavit nor any other submitted document for him provided dates of attendance at counseling and mediation sessions. Supplemental Report at 5. Rather, the documents submitted included the beginning and ending of the counseling and mediation periods, not the dates he personally attended counseling and mediation. Supplemental Report at 5. Additionally, Magistrate Judge Facciola correctly concluded that, although the Mediation Agreements executed October 20, 2004 and January 13, 2006 suggested attendance at mediation, those two documents did not indicate personal attendance *at counseling* prior to mediation. Supplemental Report at 5. Therefore, Magistrate Judge Facciola correctly concluded that the exhaustion requirements for the claims found in Appendix C had not been exhausted by Plaintiff Adams. Supplemental Report at 5.

Plaintiff objects to the Court's "lack of guidance in clarifying the issue as to what constitutes proof of exhaustion of administrative remedies." Adams Objection at ¶ 4. Yet, Magistrate Judge Facciola stated Plaintiffs must show attendance at counseling, in person, and attendance at mediation, in person. Report and Recommendation at 6-7. Yet Plaintiff provided no declaration of when he allegedly attended counseling or mediation.

Plaintiff appears to object to the Court's "total disregard and non-acceptance of his End of Mediation letters." Adams Objection at ¶ 5. The End of Mediation letters do not provide the dates of personal attendance at counseling or mediation. Moreover, Magistrate Judge Facciola did not "disregard" the letters because he concluded that the Mediation Agreements executed

October 20, 2004 and January 13, 2006 suggested attendance at mediation but, those two documents did not indicate personal attendance *at counseling* prior to mediation. Supplemental Report at 5. Because Plaintiff did not provide the requested information, he did not establish subject matter jurisdiction. As such, Magistrate Judge Facciola correctly recommended dismissal of Plaintiff's claims in Appendix C.

## II.    Plaintiff Harris

Plaintiff Harris did not demonstrate personal attendance at counseling for her *pro se* claims which were included in Appendix C. Plaintiff Harris's Declaration does not state that Harris personally attended a counseling session. Instead, it states that she did a number of other things such as requested counseling in person, requested reducing the counseling period and received the notice of the end of the counseling period. Harris Dec. ¶¶ 3, 4, 7, 8, 9, 13. Yet, nowhere does Plaintiff Harris assert that she personally attended a counseling session. This could not have been an oversight because Plaintiff clearly states in her declaration that she attended a mediation session in person. Harris Dec. ¶¶ 6, 11, 15. Therefore, Magistrate Judge Facciola correctly found that Plaintiff Harris confirmed her "failure to personally attend counseling" and that her other listed acts were not sufficient to satisfy the administrative exhaustion requirement of personally attending a counseling session. Supplemental Report at 6.

Plaintiffs suggest that Magistrate Judge Facciola "misinterpreted" the language of the Harris declaration: that Plaintiff Harris had "personal contact" with the Office of Compliance; that Harris had the same claims as Plaintiff Fields; and that her representative's participation in the process necessarily means Plaintiff participated in the process. Plts Objections ¶ 3a,b,d,e. Plaintiffs also incorrectly assert that Plaintiff Harris was issued an End of Mediation Notice in

which the Office of Compliance certified compliance with her exhaustion requirements. Plt Objections ¶ 3c. Plaintiffs also objected to the general conclusion that participation in counseling or in mediation in writing or through their counsel was insufficient to establish exhaustion of administrative remedies. Plt Objections ¶ 7, 8. None of these arguments have merit for several reasons.

First, Plaintiff Harris does not state that she personally attended counseling and there is no misinterpretation on that issue. Plaintiffs assert that the misinterpretation regards *mediation*. Plts Objections ¶ 3c. However, Magistrate Judge Facciola made no conclusion that she did not attend mediation, only that her declaration confirms "that she fail[ed] to personally attend *counseling*." Supplemental Report at 6 (emphasis added). Even if Plaintiff Harris mediated all of her cases, she was still required to provide evidence that she exhausted her counseling requirement.

Second, suggestions of "making personal contact" with the Office of Compliance does not demonstrate personally attending a counseling session. Third, the similarity of her claims to those Plaintiff Fields raised in Objection at 3d does not demonstrate that Plaintiff Harris participated in counseling in person.

Fourth, Plaintiffs suggested interpretation of the end of mediation notices is simply inconsistent with the plain language of the end of mediation notice. Plaintiffs argues that the "OOC certified that Officer Harris had fulfilled her administrative requirements when it issued End of Mediation Notices . . ." Plts Objections at 3c. The plain language of the End of Mediation Notices state that "the mediation period has ended," not that Plaintiff exhausted her mediation requirements or that the Office of Compliance certified compliance with the

exhaustion requirements.  See, e.g., Plts Objections, Exhibits 9, 19, 27.

Simply put, Plaintiff Harris did not personally attend counseling and, therefore, did not comply with the administrative procedures.  Magistrate Judge Facciola correctly recommended dismissal of her claims in Appendix C.

## III.    Plaintiff Ikard

Plaintiffs did not demonstrate that Plaintiff Ikard personally attended counseling or mediation.  Plaintiffs object to the recommended dismissal of Plaintiff Ikard's claim in Appendix C because they do not agree with Magistrate Judge Facciola's conclusion that Plaintiff did not indicate personal attendance at counseling and mediation and because Plaintiff Webb's Affidavit filed on behalf of Plaintiff Ikard was deemed insufficient to demonstrate exhaustion.  Plts Objections ¶¶ 10,14, 18.  Previously, Plaintiffs represented that Plaintiff Ikard attended counseling on October 9, 2003 and mediation on October 27, 2003.  Magistrate Judge Facciola found that no document supported this representation.  Report and Recommendation at 20.

Plaintiff Webb submitted an affidavit on behalf of Plaintiff Ikard.  Webb Affidavit. Plaintiff Webb stated in his affidavit that he had first hand knowledge that Plaintiff Ikard officially requested and proceeded through the counseling process, but Plaintiff Webb did not state he  had first hand knowledge about the date Plaintiff Ikard attended counseling in person. Id.  Magistrate Judge Facciola correctly found that without describing dates of attendance at counseling and mediation sessions, there was a "wholly inadequate showing of administrative exhaustion under the CAA."  Supplemental Report at 7.

## IV.    Plaintiff Macon

Plaintiff Macon provided "New Exhibits" pursuant to Magistrate Judge Facciola's

request for additional evidentiary support.  [Dkt. #155].[2]  Magistrate Judge Facciola noted that

none of the supporting documentation overcame the deficiencies noted in the previous filings.

Supplemental Report at 3.  Although Plaintiff provided ample documentation of proceedings

with the Office of Compliance, "none of the documents indicate personal attendance at a

counseling session."  Supplemental Report  at 8.  Therefore, Magistrate Judge Facciola correctly

recommended that Plaintiff's retaliation and age discrimination claims alleged be dismissed with

prejudice.  Supplemental Report at 8.

 Plaintiff Macon objects to Magistrate Judge Facciola's finding, asserting that: 1) the

charts submitted had in-person counseling with dates in Chart A and B; and 2) Defendant was

present at mediation.  Macon's Objections to Supplemental Report at 2-3. ) [Dkt. #168].

Plaintiff's objections are not convincing for two reasons.

 First, Magistrate Judge Facciola was asked to determine which Plaintiffs were entitled to

relief based on the Court's Memorandum Opinion and Order issued on September 30, 2004.

The charts were to be used to assist Magistrate Judge Facciola in his determination and were not

evidentiary support as Plaintiff asserts.  Chart A simply had no dates submitted.  Chart B had

dates submitted but no evidentiary support for those dates.  Because Magistrate Judge Facciola

was concerned with the "bare assertions" of counseling without any evidentiary support, he gave

Plaintiff the opportunity to provide evidentiary support for the date of in-person counseling.

Plaintiff simply did not do so.

_____

 [2]  Even though the Court only requested evidence supporting the alleged exhaustion of
the claims in Appendix C, the Plaintiff provided information not only covering those claims but
also claims dismissed under Appendix B.  Magistrate Judge Facciola only considered evidentiary
support as requested for claims under Appendix C.

Second, although Plaintiff Macon asserts that Defendant was present at mediation, Plaintiff Macon's evidentiary support to demonstrate "in-person mediation" is in conflict with his assertions in his chart. The chart asserts that mediation was attended on April 28, 2003 and May 1, 2003. Yet, his evidentiary support infers attendance at mediation on April 14, 2003. Furthermore, Magistrate Judge Facciola correctly concluded that none of the documents indicated personal attendance at a counseling session. Supplemental Report at 8. Because Plaintiff Macon failed to demonstrate compliance with the counseling requirement, Magistrate Judge Facciola correctly recommended that Plaintiff Macon's claims be dismissed with prejudice for failure to exhaust administrative remedies.

## V.    Plaintiffs Mills and Webb

Plaintiffs provided no evidence that Plaintiffs Mills or Webb attended counseling and mediation in person. Instead, both Plaintiffs Mills and Webb in their affidvaits - which are identical in template, states that each "exhausted his administrative remedies by successfully proceeding through the counseling process." Mills Affidavit, dkt #161, Webb Affidavit, #dkt 160. Even though Plaintiffs object to the conclusion that Plaintiffs Mills and Webb did not attend counseling and mediation in person, Plaintiffs offer no reason or explanation why Magistrate Judge Facciola's analysis was incorrect. Plts Objections ¶¶ 5, 11, 12, 15, 16. Plaintiffs did not define what it means to "successfully" proceed through the counseling process and Plaintiffs did not provide the dates of their alleged attendance at counseling and mediation. Because Plaintiffs did not provide the information that demonstrates that they personally attended counseling or mediation, Magistrate Judge Facciola correctly recommended dismissal of Plaintiff Mills's and Webb's claims found in Appendix C.

**VI.  Plaintiffs' Objections and Submissions Regarding Claims in Appendix B Should be Dismissed as Untimely.**

Plaintiffs inappropriately attempted to object to the dismissal of their claims in Appendix B. Although not requested, Plaintiff Macon even submitted information regarding his claims on Appendix B. Because the time period in which to object to Magistrate Judge Facciola's March 19, 2007 ruling has passed, Plaintiffs' attempt to reopen those claims in Appendix B should be rejected.[3]

Magistrate Judge Facciola's Report and Recommendation was issued on March 19, 2007. In that Report and Order, Magistrate Judge Facciola provided Plaintiffs the opportunity to file timely objections within ten days of the findings and recommendations set forth in his Report (*citing Thomas v. Arn*, 474 U.S. 140 (1985)). Those objections were due on April 2, 2007. Instead, the Plaintiffs filed their objections on May 30, 2007, and Plaintiff Macon filed his objections on May 21, 2007 - well after the time period permitted to file objections. The Plaintiffs provided the Court with no explanation for their tardy submissions. The Court should dismiss Plaintiffs' objections and submissions regarding Appendix B as untimely.[4]

---

[3]  Likewise, Plaintiffs' objection to the dismissal of Plaintiff Goines's claims filed on May 30, 2007 are untimely. Plaintiff Goines has no claims in Appendix C and Plaintiffs only object to the dimissal of his claims from  Magistrate Judge Facciola's March 19, 2007 Order. Those objections were due on April 2, 2007 and therefore the untimely objections regarding Plaintiff Goines should be dismissed.

[4]  Moreover, although Plaintiffs Macon and Adams are proceeding *pro se*, counsel for Plaintiffs previously raised objections regarding the dismissal of Macon's claims in Civil Action 01-2221, asserting that *pro se* plaintiffs may not be familiar with *Thomas v. Arn*, 474 U.S. 140 (1985), or may not have the skill to write objections. See Plts Objections to the Report and Recommendation at 1, n.1. [Dkt. #154]  Therefore, Plaintiffs' counsel raised objections on behalf of Plaintiff Macon. See id. at 17, Dkt. #156. Defendant replied to those objections in its submission stating that the Plaintiffs did not personally attend any counseling or mediation sessions related to their claims and that therefore, their claims must be dismissed. Def.'s Resp.

**VII.    The Court Should Dismiss Plaintiff's Objections to Judge Sullivan's Underlying Decision**

The Plaintiffs continue to object to the in person counseling and mediation requirement under Judge Sullivan's Order dated September 30, 2004.  Plts Objections ¶¶ 3b, 7, 8; Adams Objections, p. 2-3.  Plaintiff's objections to Judge Sullivan's earlier ruling do not comply with Federal Rule of Civil Procedure 72 and Local Rule 72.3(b).

Rule 72 governs objections to a Magistrate Judge's Recommendation, not the District Court's underlying opinion, therefore, objections to the Court's underlying decision are not proper under Local Rule 72.   Moreover, Local Rule 72.3(b) is titled "Objection to Recommendations of the Magistrate Judge."  That rule requires Plaintiffs to "file written objections to the magistrate judge's proposed findings and recommendations" and "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection."  LcvR. 72.3(b).[5]  Plaintiffs did not identify a finding or recommendation of Magistrate Judge Facciola but rather the legal principle upon which Magistrate Judge Facciola based his decision.  Magistrate Judge Facciola did not assert legal conclusions independent of this Court's previous ruling.  Because Plaintiffs objected to issues not before Magistrate Judge Facciola, the Court should reject those objections.  See Ginorio v. Contreras, 409 F. Supp.2d 101 (D. Puerto Rico 2006) (finding arguments not raised

---

to Pl.'s Objections to the Magistrate Judge's Report and Recommendation at 10-11, Dkt. #167.

[5]  Plaintiffs objections regarding the dismissal of Plaintiff Goines's claims do not comply with LcvR. 72.3(b) because the objections do not identify the portion of the proposed findings and recommendations in the Supplemental Report to which the objection is based.  Plts Objections ¶¶ 13, 17.  Because Plaintiffs did not comply with Local Rule 72.3, Objections regarding Plaintiff Goines' claims should be dismissed.

before magistrate judge would not be considered by Court in its review of the report and recommendations).

As this Court denied Plaintiffs' Motion for Reconsideration without prejudice, the issue of the Court's underlying decision is not a proper objection under Local Rule 72.3(b) to the Magistrate's findings and recommendation but, instead, an objection to Judge Sullivan's decision.[6]  Consequently, Plaintiffs' objections to Judge Sullivan's decision should be rejected as noncompliant with Federal Rule of Civil Procedure 72 or Local Rule 72.3.

---

[6]  To the extent that the Court entertains objections based on the Memorandum Opinion and Order of this Court dated September 30, 2004, Defendant incorporates by reference its Memorandum in Opposition to Plaintiffs' Motion for Reconsideration [Dkt. #72 and # 98] and its Surreply to Plaintiffs' Reply in Support of Their Motion for Reconsideration [Dkt. #110].

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court should adopt the Supplemental Report.


June 22, 2007                              Respectfully submitted,


                                          _____/s/_____
                                          JEFFREY A TAYLOR, D.C. BAR #498610
                                          United States Attorney


                                          _____
                                          RUDOLPH CONTRERAS, D.C. BAR #434122
                                          Assistant United States Attorney


                                          _____
                                          ANDREA MCBARNETTE, D.C. BAR #483789
                                          LAURIE WEINSTEIN, D.C. BAR #389511
                                          Assistant United States Attorneys
                                          555 4th Street, NW Rm. E4913
                                          Washington, D.C. 20530
                                          (202) 514-7153

FREDERICK M. HERRERA, D.C. BAR #423675
United States Capitol Police Board
119 D Street, NE
Washington, D.C. 20510
(202) 593-3662