IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON BLACKMON-MALLOY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 01-02221 (EGS) |
| ) | |
| UNITED STATES CAPITOL POLICE BOARD, ) ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S FUTURE PROCEEDINGS RECOMMENDATION

Pursuant to the Court's August 15, 2007 Order, Defendant, the Capitol Police Board, hereby submits this recommendation for future proceedings regarding the claims listed in Appendix D. The Defendant recommends that Amended Complaints be filed in Civil Action Case Numbers 01-2221, 04-320, and 03-2644 and that the Court not consolidate the Plaintiffs' cases. The Defendant recommends setting a schedule for dispositive motions and discovery.

In the Complaints filed in Case Numbers 01-2221, 04-320, and 03-2644, it is unclear to the Defendant which claims are at issue because the claims are intertwined with allegations of class complaints which are no longer relevant to this litigation. Thus, in order to avoid confusion - as well as any motions for more definite statements - the Plaintiffs should amend their Complaints.[1]

The remaining cases do not involve a common question of law or fact. Pursuant to Rule 42, a district court may consolidate cases that involve "a common question of law or fact." Fed.

---

[1] The Defendant would not be opposed to mediation after Plaintiffs amend their complaints but would oppose a stay of litigation for any appellate review.

R. Civ. P. 42(a). When determining whether to consolidate cases, courts weigh considerations of convenience and economy against considerations of confusion and prejudice. See Am. Postal Workers Union v. U.S. Postal Serv., 422 F. Supp.2d 240, 245 (D.D.C. 2006). Here, the Plaintiffs have different allegations that stem from different time periods and involve different witnesses. It would promote inefficiency and confusion to consolidate the Plaintiffs' cases. Therefore, the Defendant recommends that the remaining Plaintiffs' cases not be consolidated. However, to the extent that a plaintiff has more than one case, all cases pertaining to that individual plaintiff should be consolidated together.[2]

---

[2] Bolden-Whittaker v. United States, 07-703 (EGS) should be consolidated with other Plaintiff Bolden-Whittaker cases and Adams v. USCP, 07-936 should be consolidated with other Plaintiff Adams's cases. The Defendant notes that it has not been served the Complaint in Adams v. USCP, 07-936. In addition, Bolden-Whittaker v. United States, 07-703 (EGS) raises the identical issues that were raised for that Plaintiff in 03-2644, and so is duplicative of that prior action.

September 14, 2007                                             Respectfully submitted,


                                                        _____/s/_____
                                                      JEFFREY A TAYLOR, D.C. BAR #498610
                                                      United States Attorney


                                                        _____
                                                       RUDOLPH CONTRERAS, D.C. BAR #434122
                                                       Assistant United States Attorney


                                                        _____
                                                       ANDREA MCBARNETTE, D.C. BAR #483789
                                                       LAURIE WEINSTEIN, D.C. BAR #389511
                                                       Assistant United States Attorneys
                                                       555 4th Street, NW Rm. E4913
                                                       Washington, D.C. 20530
                                                       (202) 514-7153

FREDERICK M. HERRERA, D.C. BAR #423675
United States Capitol Police Board
119 D Street, NE
Washington, D.C. 20510
(202) 593-3662