IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON BLACKMON-MALLOY, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civ. No. 01-02221 (EGS) |
| UNITED STATES CAPITOL POLICE BOARD, | ) ) ) ) |
| Defendant. | ) ) ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR A STAY OF PROCEEDINGS

Defendant, the Capitol Police Board, submits this opposition to Plaintiffs' Motion for a Stay of Proceedings. On August 15, 2007, the Court dismissed the claims of roughly 300 plaintiffs. Only six of the eight remaining Plaintiffs request a stay of proceeding until an appeal of the August 15, 2007 order is resolved, two of the remaining Plaintiffs oppose a stay. Plt Mt for Stay, p.1-2. The Plaintiffs have failed to justify the extraordinary remedy of a stay and ignores the harm of further delay on the remaining cases. Therefore, the Court should deny the request for a stay.

The factors to be considered in determining whether a stay is warranted are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. Cuomo v. United States Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985);

Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir.1977); *citing* Virginia Petroleum Jobbers v. FPC, 259 F.2d 921, 925 (D.C. Cir. 1958)

"On a motion for stay, it is the movant's obligation to justify the court's exercise of such an extraordinary remedy."  Cuomo, 772 F.2d at 978; see also Twelve John Does v. District of Columbia, Civ. A. No. 80-2136, 1988 WL 90106, at *1 (D.D.C. Aug.4, 1988) ("An indefinite stay pending appeal is an extraordinary remedy, and is to be granted only after careful deliberation has persuaded the Court of the necessity of the relief.") (citing Virginia Petroleum Jobbers, 259 F.2d at 925).  "This Circuit has recently reiterated that the applicant must satisfy 'stringent standards required for a stay pending appeal.' "  Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group, 230 F. Supp.2d 12, 14 (D.D.C.2002) (citing Summers v. Howard Univ., Civ. A. No. 02-7069, 2002 WL 31269623 (D.C. Cir. Oct.10, 2002)).  Where a moving party fails to establish a substantial case on the merits, and further fails to "demonstrate that the balance of equities or the public interest strongly favor the granting of a stay," a motion for stay is properly denied. Cuomo, 772 F.2d at 972.

The Plaintiffs have failed all four factors required to substantiate the granting of a stay. Plaintiffs assert only that in the interest of justice and for judicial economy the case should be stayed.  This blanket assertion, without any support, hardly justifies the court's exercise of such an extraordinary remedy.  Rather, it is highly unlikely that Plaintiffs will prevail on the merits of the appeal particularly in light of their failure to establish jurisdiction.  Plaintiffs were provided with ample opportunity to establish the minimal basis for jurisdiction clearly articulated in the Congressional Accountability Act.  Moreover, Plaintiffs have not articulated any new reasons that this Court had not already considered in dismissing several of the  Plaintiffs' claims.

Plaintiffs simply fail to state any fact in their pleading that addresses the likelihood that they will prevail on the merits. As such, they have not satisfied the first factor.

Second, the Plaintiffs do not state that they would be harmed absent a stay. In fact, not proceeding with the remaining cases will harm all the remaining plaintiffs, including the two plaintiffs that oppose the stay. This litigation was initiated in 2001. Since that time, several witnesses have left the United States Capitol Police, have retired, or moved out of town. Memories will have faded and recollections will not be as fresh. As such, it is important to move forward with those remaining cases so that Defendant can properly defend itself from legitimate actions it may have taken. Thus, the Plaintiffs have not satisfied the second and third factors.

Finally, there is no public interest in granting the stay. The Plaintiffs assert judicial economy as a reason for a stay. It is unlikely that there would be any judicial economy. The remaining cases do not have a common question of law or fact and the Plaintiffs have different allegations that stem from different time periods and involve different witnesses.[1] Therefore a stay would not benefit judicial economy.

---

[1] Furthermore, none of the remaining cases are related to the issues on appeal and therefore a stay would be unnecessary. For example, the allegation that Plaintiff Phelps was escorted out of a building on the grounds of retaliation is not related to any other claim on appeal. Likewise, the contention of Plaintiff Blackmon-Malloy that she was placed in a smoke environment has no similarity to any other claim on appeal.

**CONCLUSION**

For the foregoing reasons, the Court should not grant a stay of the remaining cases pending an appeal.

September 28, 2007                                   Respectfully submitted,

_____/s/_____
JEFFREY A TAYLOR, D.C. BAR #498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____
ANDREA MCBARNETTE, D.C. BAR #483789
LAURIE WEINSTEIN, D.C. BAR #389511
Assistant United States Attorneys
555 4th Street, NW Rm. E4913
Washington, D.C. 20530
(202) 514-7153

FREDERICK M. HERRERA, D.C. BAR #423675
United States Capitol Police Board
119 D Street, NE
Washington, D.C. 20510
(202) 593-3662