UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
SHARON BLACKMON-MALLOY, et al.,)
                               )
          Plaintiffs,          )
                               )   Civil Action No. 01-2221 (EGS)
     v.                        )
                               )
UNITED STATE CAPITOL POLICE    )
BOARD,                         )
                               )
          Defendant.           )
_____)
```

### ORDER

Pending before the Court is plaintiffs' Motion for a Stay of Proceedings pending appeal (Docket No. 182). Upon consideration of the motion, the response and reply thereto, and the record herein, it is hereby

**ORDERED** that plaintiffs' Motion for a Stay of Proceedings is **DENIED**. Granting a stay pending appeal is "always an extraordinary remedy," *Bhd. of Ry. and S.S. Clerks, Freight Handlers and Station Employees v. Nat'l Mediation Bd.*, 374 F.2d 269, 275 (D.C. Cir. 1966), and the moving party carries a heavy burden to demonstrate that the stay is warranted, *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985).

In exercising its discretion whether to grant the stay, and in considering the appropriate factors, the Court must ultimately balance all equities. *See U.S. v. Philip Morris USA, Inc.*, 449

F.Supp 2d 988 (D.D.C. 2006). The Court has considered the requisite factors, *see Cuomo*, 772 F.2d at 974, and has concluded that: 1) it is unlikely that the plaintiffs will prevail on the merits of the appeal in light of plaintiffs' failure to satisfy the timely counseling and mediation requirements of the Congressional Accountability Act, despite being provided with ample opportunity to do so; 2) the plaintiffs were unable to identify in their motion any irreparable harm that would be suffered absent a stay; 3) the government's ability to properly defend itself is harmed the longer the Court postpones resolution of this case. During the six years that have lapsed since this case was first initiated, many of the government's witnesses have retired, relocated, and their recollections are not as fresh; and 4) the public interest weighs against granting a stay. As only six out of the eight remaining plaintiffs request a stay, there is no added benefit to judicial economy that arises from granting a partial stay of this case.

Where a moving party fails to establish a substantial case on the merits, and further fails to "demonstrate that the balance of equities or the public interest strongly favor the granting of a stay," a motion for stay is properly denied. *Id.* at 972. In this case, Defendants cannot demonstrate that the equities weigh in their favor, and thus plaintiffs' Motion to Stay must be denied.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            November 14, 2007**