IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON BLACKMON-MALLOY, )
*et al.*, )
  )
       Plaintiffs, )
  )
       v. )   Civ. No. 01-02221 (EGS)
  )
UNITED STATES CAPITOL )
 POLICE BOARD, )
  )
       Defendant. )
  )

**DEFENDANT'S OPPOSITION TO
PLAINTIFF DERRICK MACON'S MOTION FOR RECONSIDERATION**

Defendant, the United States Capitol Police Board, respectfully submits this opposition to *Pro Se* Plaintiff Macon's motion for reconsideration. Because Plaintiff filed the motion for reconsideration four months late, and has presented no new evidence or law, the Court should deny the motion for reconsideration.

**BACKGROUND**

On September 30, 2004, the Court granted Defendant's Motion to Dismiss Plaintiffs' Joint Second Amended Class Action Complaint. *Blackmon-Malloy v. United States Capitol Police Bd.*, 338 F. Supp. 2d 97 (D.D.C. 2004). As part of the Court's Order, Plaintiff, Derrick Macon was permitted to file a motion for reconsideration of his claims that conform to the standards for timely counseling and mediation requests identified in the Court's memorandum opinion. *Id*. at 113. Under the Court's ruling, the motion for reconsideration must

> clearly state (and provide appropriate documentation for) the alleged discriminatory act, the date the act occurred, the date counseling was requested, the date the claimant attended counseling, the date mediation was requested, and the date a mediation session was attended.

*Id.*  At all times, Plaintiff bears "the burden of persuasion to establish subject matter jurisdiction in response to a Rule 12(b)(1) Motion to Dismiss." *Id.* at 107 (citing *Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000)).

Pursuant to the Court's ruling, Plaintiff submitted information regarding his alleged exhaustion of administrative remedies for his two cases, Civil Action Numbers 01-2221 and 03-1592.  The Court found that the submission was inadequate.  *(See* Report Recommendation at 20 (Dkt. #151).)  Although Plaintiff's counsel represented that Plaintiff exhausted the administrative remedies for all his claims, Magistrate Judge Facciola noted there were problems with each of Plaintiff's claims.  (*Id.*)

With regard to Plaintiff's claims in Civil Action Number 01-2221, Magistrate Judge Facciola found that although Plaintiff represented that he attended counseling on April 12, 2001 and April 28, 2001, that information was contradicted by Officer Macon's declaration which states that he "filed a request for counseling but did not attend because [he] did not have to personally attend a counseling session because several class members would represent the entire class."  (*Id.*)  Thus, Magistrate Judge Facciola recommended dismissal of Plaintiff's claims in Civil Action Number 01-2221. (*Id.*)

With regard to Plaintiff's claim in Civil Action Number 03-1592, Magistrate Judge Facciola noted that although Plaintiff represented completion of administrative requirements, no documentation supported Plaintiff's assertions.  (*Id.*)  Because of the absence of any documentation, Magistrate Judge Facciola recommended dismissal without prejudice and permitted Plaintiff an opportunity to provide evidentiary support by April 2, 2007.  (*Id.*)

On April 2, 2007, Plaintiff's former counsel submitted Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation. (Dkt. # 154.) Through counsel, Plaintiff raised objections to Magistrate Judge Facciola's legal conclusions and factual findings. Plaintiff's counsel, Nathaniel D. Johnson, asserted that he no longer represented Plaintiff in matters related to Civil Action Number 01-2221 and asserted that Plaintiff "objects to the Report's conclusion that Mr. Macon did not exhaust his administrative remedies." (*Id.* at 17.)

Plaintiff also submitted his own Reply to Magistrate Judge Facciola's Order to provide evidentiary support. (Dkt. #155.) Magistrate Judge Facciola issued a Supplemental Report addressing Plaintiff's submitted documentation. (Dkt. #166.) Magistrate Judge Facciola noted that, although Plaintiff provided ample documentation requesting counseling with the Office of Compliance, no documentation demonstrated personal attendance at a counseling session as required by the Congressional Accountability Act. (*Id*. at 8.) Therefore, relying upon Judge Sullivan's order that required specificity about meeting exhaustion requirements, Magistrate Judge Facciola found that Plaintiff had not exhausted his administrative remedies and, therefore, recommended dismissal with prejudice of Plaintiff's claims in Civil Action Number 03-1592. (*Id*.)

Plaintiff objected to Magistrate Judge Facciola's findings in the Supplemental Report and Recommendation. (Dkt. #168.) Plaintiff asserted that he had attended in person his counseling and mediation sessions. (*Id*. at 2.) Defendant replied stating that Plaintiff was untimely in his submission of additional information regarding Civil Action Number 01-2221 and asserting that Plaintiff had not provided evidentiary support to demonstrate exhaustion of administrative remedies regarding his claims in Civil Action Number 03-1592. (Dkt. #176.) Plaintiff filed his

surreply asserting that he provided the court with an Affidavit of his in-person presence at both counseling and mediation. (Dkt. #179; Tab 78.)

Judge Sullivan considered Plaintiff's objections to the reports and recommendations, the responses and replies thereto, the applicable law, and the entire record to conclude that Plaintiff's claims in Civil Action 01-2221and 03-1592 are dismissed with prejudice. (Dkt. #180.) Plaintiff filed a Notice of Appeal on September 14, 2007 (Dkt #185.) and this Motion for Reconsideration on January 2, 2008. (Dkt. #191.)

## ARGUMENT

**I.     Plaintiff's motion for reconsideration is nearly four months late and is thus untimely**

Pursuant to Rule 59(e), a motion for reconsideration "shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). The court's Order was issued on August 15, 2007. Thus, the last day Plaintiff could have filed his motion was August 30, 2007. Belatedly, Plaintiff submitted his motion on January 2, 2008, - roughly four months late. Accordingly, Plaintiff's motion is untimely under Rule 59(e).

**II.    Plaintiff did not present new evidence or extrordinary situations**

An untimely motion under Rule 59(e), may be considered a timely motion under Rule 60(b) "if it states grounds for relief under the latter rule." *Computer Prof'ls for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996). Under Rule 60(b), parties can generally seek relief from judgment within one year from the date of entry of judgment. *See United States v. Beggerly*, 524 U.S. 38, 44 (1998) (quoting Fed. R. Civ. P. 60(b). "While there is some overlap between motions to amend and motions for relief from judgment,

there are important differences other than the difference in deadlines.  For example, in most cases, the bar stands even higher for a party to prevail on a Rule 60(b) motion for relief from judgment, which permits relief when a party demonstrates fraud, mistake, extraordinary circumstances, or other enumerated situations."  *Uberoi v. EEOC*, 271 F. Supp. 2d 1, 2 (D.D.C. 2002); Fed. R. Civ. P. 60(b).  Here, Plaintiff has not alleged the required situations such as "fraud, mistake, [or] extraordinary circumstances."  Fed. R. Civ. P. 60(b).  Rather, Plaintiff's motion simply reargues claims that this court has already expressly rejected and presents evidence already in the record.

Rule 60(b) provides relief when there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2); *see also Uberoi*, 271 F. Supp. 2d at 2.  Here, the Plaintiff does not present newly discovered evidence which could not have been discovered earlier.  Rather, the Plaintiff presents "documentation of proceedings with the Office of Compliance (OOC)" and does not allege that such documentation could not have been discovered earlier.  Plt. Mt for Reconsideration, p.2.  In fact, the evidence referred to by Plaintiff is already in the record and is not new evidence.  *(See* Dkt. #155.)  Therefore, the Court should deny the motion for reconsideration.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion for reconsideration.

January 16, 2008                              Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
LAURIE WEINSTEIN, D.C. BAR #389511
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

OF COUNSEL:
FREDERICK M. HERRERA
United States Capitol Police Board

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on January 16, 2008, the foregoing Defendant's Opposition to Plaintiff Derrick Macon's Motion for Reconsideration has been served by depositing a copy thereof in the first class United States mail, postage prepaid, marked for delivery to:

Derrick W. Macon
Pro Se
12401 Weldon Manor Lane
Upper Marlboro, MD 20772

 

ANDREA MCBARNETTE
Assistant United States Attorney
Judiciary Center Building
555 4TH Street, N.W.
Washington, D.C. 20530
(202) 514-7153