# Exhibit 4

*Exhibit B*

| | |
|---|---|
| **Complainant** | Frank Adams, Sergeant, Pin #4094, Patrol Division, Section One |
| **Subject of Investigation** | Insubordination/Courtesy/Truthfulness/Conduct Unbecoming |
| **Day, Date, Time & Place:** | Saturday, 11-11-00, approximately 0640 hrs., 119 D St. N.E. Washington, DC., second floor, near Patrol Division roll-call room. |
| **Complainant or Victim:** | NA |
| **Reported By or Discovered By:** | Frank Adams, Sergeant, Pin 4094, Patrol Division, Section One (202) 224-9801. |
| **Respondent(s):** | Charles Richard Mcquay, PFC, Pin # 3678, Communications, Section One. |
| **Initial Allegations:** | PFC Mcquay called a Patrol Division supervisor, in the supervisor's presence, a "bad Official," violating G.O. 2210, Sec. A. Duty to Obey, par. 6. Insubordination. |
| | PFC Mcquay (1) falsely accused a Patrol Division supervisor of trying to intimidate a subordinate officer, and (2) was untruthful when he told the supervisor that he was "acting as the subordinate's Union representative" while engaging this inappropriate behavior. By committing these acts PFC Mcquay violated G.O. 2210, Sec A., Duty to Obey, par. 7., Truthfulness, and G.O. 2210, Sec. C. Detrimental Conduct, par. 1 Conduct Unbecoming. |

| | | | |
|---|---|---|---|
| Case Number | | -2- | 11-11-00 |

**Vehicles:** NA

**Weather:** NA

**Evidence:** NA

**USCP Property:** NA

**Medical Treatment:** NA

**Fitness for Duty:** NA

**Statements of Complainant(s):**

On 11-11-00, at approximately 0640 hrs, while in an open area on the second floor of headquarters building, PFC Charles Richard Mcquay, in the presence of PFC Barbara Pishock, PFC Franklin Bauserman, and PFC Ronald Sweetman, made the following remarks knowing that Sergeant Adams was in the nearby and could hear him:

"He (Sergeant Adams) notified you that you are the subject of an investigation? The Department has only 60 days to complete the investigation from the time that you were notified. You mean he (Sergeant Adams) didn't tell you what the complaint was about? That's bullshit. He is just trying to intimidate you. Only a bad Official would do that."

Only moments earlier, PFC Mcquay had observed Sergeant Adams standing around the corner a few feet away from his location. It was obvious that PFC Mcquay intended for Sergeant Adams to hear his remarks.

Sergeant Adams stepped around the corner and told PFC Mcquay that he did not appreciate being called a "bad official." Officer Mcquay, still in the presence of other officers, replied "you are a bad Official."

Sergeant Adams told PFC Mcquay, in essence, that he was out of line talking to an Official in such a disrespectful and insolent manner. PFC Mcquay said that he was a Union Rep and that he could talk any way he chose while representing Officer Bauserman, a member of the

| | | |
|---|---|---|
| Case Number | -3- | 11-11-00 |

bargaining unit.

Sergeant Adams advised PFC Mcquay that his Union status did not give him a special right to be disrespectful to an Official on this Department. Sergeant Adams also advised PFC Mcquay that if he was attempting to assert some right as a Union Rep to conduct Union representational duties with Officer Bauserman, then he needed to request official time and he needed to conduct his union duties more discreetly.

PFC Mcquay stated that he didn't need to request Official time because he was off duty. He was reminded however, that Officer Bauserman, the officer who he stated he was representing, was still on duty.

**Statements of Respondent(s):** Not taken

**Witnesses:** Witness #1 - Barbara Joy Pishock, PFC. Pin # 4247, Patrol Division, Section One.

PFC Barbara Pishock was interviewed on 11-12-00, at approximately 0325 hrs., in the presence of Sergeant Adams, and two Union Representatives - PFC Caufield and PFC Roberts.

PFC Pishock stated that as she and PFC Mcquay proceeded from the Patrol Division administrative area, to an area near the Patrol Division roll-call room, she walked past and noticed Sergeant Adams standing at the bulletin board, near an area only a few feet around the corner from where PFC Mcquay made his comments.

PFC Pishock confirmed that the comments made by PFC Mcquay ("he didn't notify you of what the complaint was about? That's bullshit, he is just trying to intimidate you. Only a bad official would do that,") in an open area of the building, where he could be heard by anyone, were inappropriate and in-discreet.

PFC Pishock acknowleded that PFC Mcquay's comments

Case Number             -4-             11-11-00

were not presented in a manner as to foster, good harmonious relationship between the officers and management.

Officer Pishock also stated that she did not think that it was appropriate for an officer to refer to an official, in the presence of the official, as "a bad official."

Witness # 2, Franklin Henry Bauserman, PFC, Pin 4406, Patrol Division, Section One.

PFC Bauserman stated that he mentioned that he told PFC Mcquay, as a friend, that Sergeant Adams had advised him that he would be meeting with him the following week to discuss a citizens complaint, but that PFC Mcquay was not acting as his Union representative.

PFC Bauserman acknowledged that PFC Mcquay said that Sergeant Adams was trying to intimidate him and that he did feel intimidated when he recieved preliminary notification of a pending meeting to review a citizen's complaint.

PFC Bauserman did not deny that PFC Mcquay called Sergeant Adams "a bad official." When asked if he thought it was appropriate under Department rules for an officer to refer to an Official, in the Official's presence, as "a bad Official," Officer Bauserman replied yes.

When asked if PFC Mcquay's comments were of a nature as to foster a good harmonious relationship between officers and management, PFC Bauserman said that he did not want to answer the question.

**Action Taken:**     Interviewed two witnesses

**Prior Complaints:**     Unknown

**Records:**     NA

Case Number                  -5-                  11-11-00

**Findings:** List all <u>facts</u> developed during the investigation which would provide the basis or explanation for the disposition of <u>each</u> allegation in the case.

**Recommendations:** Suggestions for closure of the investigation of each allegation. Either: (1) **SUSTAINED**; (2) **NOT SUSTAINED**; (3) **EXONERATED**; (4) **UNFOUNDED**; or (5) **MISCONDUCT NOTED.**

    1.      G.O. 2210, Sec. A., <u>Duty to Obey.</u> par. 6., <u>Insubordination</u>. **Sustained**

    2.      G.O. 2210, Sec A., <u>Performance of Duty. Unsatisfactory Performance.</u>, par. 9. <u>Courtesy.</u>

    3.      G.O. 2210, Sec A., <u>Duty to Obey</u>, par. 7., <u>Truthfulness</u>. **Sustained**

    4.      G.O. 2210, Sec. C. <u>Detrimental Conduct</u>, par. 1 <u>Conduct Unbecoming</u>. **Sustained**

**INVESTIGATED BY:** _____ DATE: _____
                          <u>(Signature)</u>

**REVIEWED BY:** _____ DATE: _____
                          <u>(Division Commander's Signature)</u>

                         _____ DATE: _____
                          <u>(Bureau Commander's Initials)</u>